UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60890-CIV-ZLOCH
CASE NO. 06-60344-CR-ZLOCH

JOHNNY OLBEL,

    Movant

VS.

UNITED STATES OF AMERICA,

    Respondent
_____/

## UNITED STATES' OBJECTIONS TO REPORT & RECOMMENDATIONS (DE18) REGARDING MOVANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

    The United States of America, by and through the undersigned Assistant United States Attorney, hereby files its Objection to the Magistrate Judge's Report and Recommendations (DE 18) issued on November 15, 2010, based upon the Movant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to Title 28, United States Code § 2255.  In its decision, the Court denied each of the claims raised by the Movant except for Ground 3 of the Movant's Amended Motion, which the Court granted.  The Government has no objection to, and wholly agrees with, the Court's denial of each claim raised and outlined in the Report and Recommendation.  However, the Government respectfully submits this objection as to the Court's granting of ground 3 of the Movant's Amended Motion and relies on the following factual and legal basis in support of  its position.

## **PROCEDURAL HISTORY**

On May 8, 2007, a federal Grand Jury sitting in Fort Lauderdale, Florida returned a superseding indictment charging the Movant in two counts as follows: possession with intent to distribute five grams or more of crack cocaine, in violation of Title 21, United States Code §§841(a)(1) and 841(b)(1)(B) (Count 1); and being a felon in possession of a firearm, in violation of Title 18, United States Code §922(g)(1) (Count 2) (CR-DE31). On April 26, 2007, Movant filed a motion to suppress evidence (CR-DE 25, 26). On May 11, 2007, the Government filed a response to said motion (CR-DE 37). On May 29, 2007, the Court held an evidentiary hearing on the motion to suppress (CR-46; 47 (transcript of the hearing)). At the conclusion of the hearing, the Court explained that it was taking the motion under advisement, but hoped to issue a ruling later that week. (CR-DE 47, p. 114-115). Trial commenced on June 12, 2007, and concluded on June 13, 2007, when the jury returned a verdict convicting the Movant as charged in the superseding indictment (CR-DE 65).

On August 28, 2007, the Court sentenced the Movant to 360 months imprisonment as to Count 1, and 120 months imprisonment as to Count 2, to be served concurrently; and supervised release of 8 years as to Count 1 and 3 years as to Count 2 (CR-DE 88, 91, 103 (transcript of sentencing)). On the same day, the Court issued a written order denying the Movant's motion to suppress the evidence (CR-DE 90). On August 31, 2007, Movant filed a notice of appeal (CR-DE 92). On May 1, 2008, the Eleventh Circuit Court of Appeals affirmed the Movant's conviction and sentence in an unpublished decision (CR-DE 109).

On June 16, 2009, the Movant filed a timely §2255 motion (CR-DE 126; CV-DE 1,2). On May 12, 2010, Magistrate Judge White entered an order requiring the Government to respond to the motion within 45 days, or on or before June 25, 2010 (CV-DE 4). On June 18, 2010, the

Government filed its response (CV-DE 14). On September 8, 2010, the Movant filed a motion to amend his previously filed §2255 motion (CV-DE 15). On November 15, 2010, Magistrate Judge White entered a Report and Recommendation (CV-DE 18), recommending that the Movant's motion be denied in part and granted in part. Specifically, the Court recommended the denial of all of the claims raised by the Movant except for Ground 3 of the Movant's Amended Motion. As noted above, the Government agrees with the denial of each of the Movant's claims as outlined in the Report and Recommendation. The Government now files its timely objection to the Magistrate Judge's Report and Recommendation *solely* as to the Court recommending that the U.S. District Court grant Ground 3 of the Movant's Amended Motion.

## SUMMARY OF ARGUMENT

In the Magistrate Judge's Report and Recommendation, the Magistrate Judge recommends that this Honorable Court grant Ground 3 of the Movant's Amended Motion filed pursuant to Title 28, United States Code §2255. Specifically, the Magistrate Judge based its decision on the absence of *Shepard* evidence contained in the Pre-Sentence Investigation Report (PSI) demonstrating that Olbel's prior Battery on a Law Enforcement Officer conviction qualified as a violent felony and therefore a predicate offense under the United States Sentencing Guidelines (USSG) Manual §4B1.1(a) which characterized Olbel as a career offender at the time of his sentencing.

However, the Government respectfully submits that Olbel's claim is a non-constitutional challenge to the district court's application of USSG §4B1.1(a), which is not cognizable under Title 28, United States Code §2255. Section 2255 permits a court to grant relief from an imposed term of imprisonment *only* if the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. Olbel's sentence,

imposed under an advisory guidelines system, did not violate the Due Process clause of the Constitution. Although a Battery on a Law Enforcement Officer conviction is no longer considered to be a "crime of violence," unless the violent nature of the offense is demotrated using proper *Shepard* evidence, for purposes of setting the advisory base offense level at 37 pursuant to USSG §4B1.1(a), Olbel's sentence was well below the statutory maximum.

A non-constitutional error is cognizable under §2255 only if it (1) could <u>not</u> have been raised on direct appeal <u>and</u> (2) would result in a complete miscarriage of justice. Olbel cannot satisfy either prong. He could have raised his claim on direct appeal, but chose not to. The perceived futility of the claim does not mean that the error could not have been raised. Further, the district court's error in applying §4B1.1(a) did not result in a complete miscarriage of justice, where the district court sentenced Olbel pursuant to an advisory application of the sentencing guidelines, was aware of its ability to sentence outside the range, imposed a sentence well below the statutory maximum, and legally could impose the very same sentence even without USSG 4B1.1(a)'s "crime of violence" enhancement.

In addition, Olbel's claim regarding the application of the career offender provision of the USSG in his Amended §2255 Motion should have been denied on the alternative basis, not reached by the Magistrate court, that he procedurally defaulted on his claim. Olbel's claim that his procedural default should be excused because he is "actually innocent" of a conviction for a crime of violence has no merit. Olbel was neither factually nor legally ineligible for the sentence imposed and, therefore, is not "actually innocent" of that sentence.

## **ARGUMENT**

Section 2255 permits a court to grant relief from an imposed term of imprisonment only if (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the

court was without jurisdiction to impose such sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) is otherwise subject to collateral attack. Title 28, United States Code §2255(a). As such, courts have long and consistently held that a collateral challenge, such as a §2255 motion, may not be used as a surrogate for a direct appeal. *See, e.g., United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982) (collecting cases).[1] Because collateral review is not a substitute for a direct appeal, relief under §2255 is reserved for (1) transgressions of constitutional rights and (2) "for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232-33; *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988).

Olbel contends that his claim was cognizable under §2255 based upon his claim that he is "actually innocent of the career offender provision." However, it is important to note that Olbel never objected to the fact of his conviction in the sentencing court. Although we now know, in the wake of *Begay*, that the district court reached an erroneous legal conclusion by classifying Battery of a Law Enforcement Officer, without the demonstration of such using proper *Shepard* evidence, as a crime of violence, the court did not rely on any false factual information or false assumptions in making that legal error. Consequently, Olbel did not suffer any due process violation as a result of the classification of his Battery of a Law Enforcement Officer conviction as a crime of violence.

The Government acknowledges that where the erroneous application of the sentencing enhancement has caused a defendant to be sentenced above the maximum sentence authorized by statute, then his sentence might violate due process. For example, in cases involving defendants

---

[1] In *Frady*, the Supreme Court explained: "It has, of course, long been settled that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment. The reasons for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system of justice." *Frady*, 456 U.S. at 165, 102 S. Ct. at 1593.

who violated Title 18, United States Code §922(g)(1) and were sentenced under the Armed Career Criminal Act (ACCA) based, in part, upon their prior Florida convictions for carrying a concealed firearm, which no longer qualify as violent felonies, the Government has argued that the sentences imposed in those cases violate due process because they are above the ten-year maximum sentence authorized by Title 18, United States Code §922(g), i.e., the maximum authorized for the crime of possessing a weapon by a convicted felon, without application of the ACCA.  In doing so, the Government's argument, based on *Whalen v. United States*, 445 U.S. 684, 690, 100 S. Ct. 1432, 1437 (1980), is that the imposition of a sentence that exceeds the punishment Congress has authorized a court to impose on a convicted offender violates due process because it deprives a defendant of liberty without prior congressional authorization.

Unlike the defendants in those cases, Olbel was not sentenced pursuant to the ACCA, and he did not face a sentence that Congress did not authorize (an increased statutory maximum and/or mandatory minimum sentence based on a prior conviction that no longer constitutes a predicate offense).  Instead, the district court imposed Olbel's sentence within the statutory maximum term, pursuant to a discretionary application of the sentencing guidelines.  Although a sentence imposed in excess of the statutory maximum would violate due process, Olbel's sentence, which was well below the statutory maximum, does not.

Further, the Government respectfully submits that a non-constitutional error is not cognizable under §2255 "unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citing *Stone v. Powell*, 428 U.S. 465, 477 n. 10, 96 S. Ct. 3037, 3044 n. 10 (1976)).  Phrased slightly differently, a non-constitutional claim is cognizable on collateral review only if the alleged error constitutes a "'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission

inconsistent with the rudimentary demands of fair procedure.'" *Reed v. Farley*, 512 U.S. 339, 348, 114 S. Ct. 2291, 2297 (1994) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 471 (1962)). *See also, United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 2240 (1979) (holding that an error of law, as distinguished from a constitutional error, is cognizable under §2255 only if it "constituted a fundamental defect which inherently results in a complete miscarriage of justice").

Therefore, certain claimed errors, even if meritorious on direct appeal, are not cognizable in a §2255 proceeding. *See, Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998) (stating that "[t]he threshold inquiry is whether Burke's claim that his sentence is contrary to a subsequently enacted clarifying amendment is cognizable under § 2255" and holding his claim does not provide a basis for collateral relief); *Richards*, 837 F.2d at 966 (noting defendant may not make a statutory non-constitutional claim in a §2255 motion); *Kett v. United States*, 722 F.2d 687, 690 (11th Cir. 1984) ("[A]s the district court correctly noted, claims of excessive bail are not cognizable in a section 2255 action."). *See also Ayuso v. United States*, 361 Fed. Appx. 988, 991, 2010 WL 227588 at *2 (11th Cir. 2010) (unpublished) (an error that is not jurisdictional or constitutional may provide the basis for §2255 relief only if "the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice").

It is clear that Olbel's sentencing claim is not cognizable in a §2255 motion, based upon a proper application of the two-pronged *Lynn* analysis for non-constitutional claims, as recently set forth in the Eleventh Circuit's unpublished decision in *United States v. Coley*, 336 Fed. Appx. 933, 2009 WL 2019859 (11th Cir. July 14, 2009) (unpublished), *cert. denied*, 130 S. Ct. 2093 (2010). "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Circuit Rule 36-2. The Government respectfully cites to *Coley* here because,

although not binding on a subsequent panel, it is directly on point and is persuasive.

Coley received a career offender enhancement based on a previous conviction for carrying a concealed firearm, which was considered a crime of violence at the time he was sentenced. He did not raise on direct appeal the issue of whether his prior conviction was a crime of violence, but he later raised that claim in a §2255 motion,[2] which the district court denied. The Eleventh Circuit Court affirmed, applying the two-pronged analysis set forth in *Lynn*, that is, that a non-constitutional claim is cognizable under §2255 only if the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice. 336 Fed. Appx. at 935-36, 2009 WL 2019859 at *2.

The Court found that Coley could not satisfy the first prong of the analysis because he did not raise this issue on direct appeal. Similar to Olbel, Coley did not offer any reason why he could not have raised this issue on direct appeal. The *Coley* Court acknowledged that *Begay* and *Archer* had not yet been decided when Coley was sentenced in 2003; "however, if he believed that his career offender status was improper under the guidelines, that claim could have been made on direct appeal, just as Begay and Archer later did." The *Coley* Court held that "[b]ecause his status as a career offender is a non-constitutional issue that Coley could have raised on direct appeal, it is not cognizable on collateral review under §2255." 336 Fed. Appx. at 936, 2009 WL 2019859 at *2-3.

Here, too, Olbel cannot satisfy the first prong of the *Lynn* analysis because he failed to demonstrate that the sentencing error "could not have been raised on direct appeal." "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1233 n. 14. In determining cognizability, *Lynn* examined the

---

[2]  Coley did not argue that his sentence violated any constitutional right, but only that it violated the sentencing guidelines after *Begay* and *Archer*.

availability of claims to a defendant on direct appeal, not the likelihood that the defendant would obtain relief on the merits of those claims.  *See Lynn*, 365 F.3d at 1224-25.

As in *Coley,* if Olbel believed that his §4B1.1(a) base offense level was improper under the guidelines, he could have raised that claim on direct appeal, just as Begay and Archer did with their claims.  Perceived "futility" is not the same thing as the "inability" to raise an issue on direct appeal. *See, Smith v. Murray*, 477 U.S. 527, 534-35, 106 S. Ct. 2661, 2666 (1986); *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998) ("[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time.") (internal citation and quotation marks omitted); *Turner v. Crosby*, 339 F.3d 1247, 1281 (11th Cir. 2003) ("If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim.").

Even if Olbel could satisfy the first prong of the *Lynn* analysis, he cannot satisfy the second prong, which is demonstrating that the non-constitutional error, if condoned, would result in a "complete miscarriage of justice."  *See Burke*, 152 F.3d at 1331-32.  Indeed, in the post-*Booker*,[3] advisory guidelines era, a district court's error in the determination of a defendant's sentencing guidelines range cannot be a "fundamental defect" rendering the resulting sentence "a complete miscarriage of justice" because, when sentencing a defendant under advisory guidelines, the district court may impose any sentence up to the statutory maximum, whether within or outside the guidelines range, as long as the sentence is reasonable.  *See United States v. Williams*, 435 F.3d 1350, 1355 (11th Cir. 2006) (district court did not act unreasonably by disregarding career offender sentencing guideline when imposing defendant's post-*Booker* sentence).

The district court in this case sentenced Olbel pursuant to a post-*Booker*, advisory application

---

[3]   *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

of the sentencing guidelines and clearly knew of its discretion to deviate from the advisory sentencing guidelines range. The district court applied the guidelines to Olbel's sentence not because it was required to do so but because, after considering the 18 U.S.C. §3553(a) factors, the court concluded that the bottom of the guideline range resulted in a reasonable sentence. Under these circumstances, Olbel cannot claim a miscarriage of justice and his claim is therefore not cognizable under §2255. Indeed, as noted above, even if his case were remanded for sentencing without application of the §4B1.1(a) base offense level 37, the court could still reach the very same 360-month sentence.

Because the district court lawfully would be free to impose the sentence that Olbel is serving despite *Begay* and *Archer*, and because the record shows that the court imposed that sentence based on its own exercise of discretion, not based on any perceived statutory or guidelines requirement, this case is unlike cases involving claims based on *Bailey v. United States*, 516 U.S. 137, 116 S. Ct. 501 (1995), and *Atkins v. Virginia*, 526 U.S. 304, 122 S. Ct. 2242 (2002) (Brief at 36).[4] In *Bailey*, 516 U.S. at 143, 116 S. Ct. at 506, the Supreme Court held that the term "use" in section Title 18, United States Code §924(c), which criminalizes the use or carrying of a firearm during or in relation to a crime of violence or drug trafficking crime, does not include mere possession, as had been the law of this Circuit previously. This left some defendants convicted of a non-existent offense. *See Wofford*, 177 F.3d at 1244. In *Atkins*, 536 U.S. at 321, 122 S. Ct. at 2252, the Supreme Court held that executing persons who are mentally retarded violates the Eighth Amendment. As the Court did in *Bailey*, the *Atkins* Court identified a class of people who were beyond the power of the court to punish. Because those defendants had no previous opportunity to assert their claims, and because

---

[4] We do not dispute that *Begay* and *Archer* worked a substantive change in the law. We contend, however, that the substantive change did not result in any miscarriage of justice in this case.

courts cannot lawfully punish those defendants, prisoners with *Bailey* or *Atkins* claims stand in a position very different from Olbel, who could lawfully receive the very same sentence if he were re-sentenced today without the USSG §4B1.1(a) enhancement.

In short, Olbel's claim of non-constitutional error in the application of USSG §4B1.1(a) is not cognizable under §2255 because it could have been raised on direct appeal, but was not, and it is not the type of error that, if condoned, would result in a complete miscarriage of justice.

Lastly, the Government respectfully submits that Olbel's claim regarding the the application of the career offender enhancement at the time of sentencing in his §2255 motion should be denied in that he procedurally defaulted on his claim. A defendant must raise a claim at trial and on direct review or it is subject to the procedural default rule. *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 1693 (2003); *Murray v. Carrier*, 477 U.S. 478, 490-92, 106 S. Ct. 2639, 2646-48 (1986). A defendant can overcome his procedural default by demonstrating cause for his failure to raise the claim earlier and actual prejudice from the alleged error. *See Frady*, 456 U.S. at 167-68, 102 S. Ct. at 1594. The "cause and prejudice" standard requires a prisoner to show not only that "some objective factor external to the defense" impeded his efforts to raise the issue earlier, *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 2566 (1991), but also that the error he alleges "worked to his <u>actual</u> and substantial disadvantage, infecting his entire trial with error." *Frady,* 456 U.S. at 170, 102 S. Ct. at 1596 (emphasis in original). If a prisoner cannot show both cause for his procedural default and prejudice, a court should not consider his challenge to his sentence unless he can demonstrate "actual innocence." *Bousley v. United States*, 523 U.S. 614, 620-24, 118 S. Ct. 1604, 1609-12 (1998).[5]

---

[5] "[T]his Court's own precedent does not allow habeas relief on a freestanding innocence claim in non-capital cases." *Cunningham v. District Attorney of Escambia County*, 592 F.3d 1237, 1272 (11th Cir. 2010).

In his Amended Motion, Olbel claimed that he was "actually innocent" of a conviction for a crime of violence. The concept of "actual innocence" has no application to an erroneous base offense level under USSG §4B1.1(a). Olbel was sentenced under advisory guidelines where the district court was free to sentence him outside of the guideline range up to the statutory maximum. Because Olbel was neither factually nor legally ineligible for the sentence that the district court imposed, and the same sentence could be re-imposed, Olbel cannot be "actually innocent" of that sentence. Cf. Sawyer v. Whitley, 505 U.S. at 333, 345, 122 S. Ct. 2514, 2522 (1992) (actual "innocence of the death penalty" means legal ineligibility for a capital sentence).

## CONCLUSION

*Wherefore*, based upon the forgoing, the Government respectfully objects to the Magistrate Judge's Report and Recommendation wherein the Magistrate Judge recommends that this Honorable Court grant Ground 3 of Movant's Amended Motion and respectfully requests that this Court deny the Movant's §2255 motion in its entirety.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:

s/ *Jennifer C. Millien*
Jennifer C. Millien (FL Bar No. 171700)
Email: jennifer.millien@usdoj.gov
Assistant United States Attorney
7795 SW 6th Street, 2nd Floor
Plantation, FL 33324
TEL: (954) 888-1674
FAX: (954) 577-9425
Attorney for Plaintiff, USA

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 2, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      s/ *Jennifer C. Millien*
Jennifer C. Millien (FL Bar No. 0171700)
Assistant United States Attorney

## SERVICE LIST

**JOHNNY OLBEL vs. UNITED STATES OF AMERICA**
CASE NO. 09-60890-CIV-ZLOCH
CASE NO. 06-60344-CR-ZLOCH
United States District Court, Southern District of Florida

**Jennifer C. Millien**
Assistant U.S. Attorney
jennifer.millien@usdoj.gov
7795 SW 6th Street, 2nd Floor
Plantation, FL 33324
TEL: (954) 888-1674
FAX: (954) 577-9425
Attorney for the Government
Method of Service: CM/ECF

**Johnny Olbel, pro se**
United States Prison
P.O. Box 3000
Pine Knot, KY 42635
Method of Service: Regular U.S. Mail