IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION



JOHNNY OLBEL,
    Movant,

v.

UNITED STATES OF AMERICA,
    Respondent.

Case No. 09-60890-civ-ZLOCH
[Cr.No. 06-60344-Cr-ZLOCH]
Mag. P.A. White

## MOTION FOR LEAVE TO SUPPLEMENT § 2255 MOTIONJ

Comes now, Movant, acting in pro se, and respectfully moves this Honorable Court to grant leave to file a Supplement to the § 2255 Moiton currently pending before this Court, pursuant to Rule 15(d) of the Federal Rules of Civil Procedure.

This supplement in no way will hinder, delay or cause prejudice to the United States. In addition, this motion and the supplement is not being filed to delay, hinder or harrass the court or government attorney's in this matter.

## SUPPLEMENT

On July 27, 2011, the United States District Court for the Middle District of Florida issued a Declaratory Order declaring the Florida State law Fla. Stat. 893.13 Unconstitutional on its face. See, Shelton v. Sec'y, Dept. of Corr,'s, et al., No. 6:07-cv-Orl-35-KRS , M.D. Fla. July 27, 2011. Movant submits that this decision and the decision of the Florida Circuit Court in State v. Green, No. 08-3673-CF-10A, (Fla. Cir. Ct. Feb. 7, 2011), (Dkt. 31-1) declaring the Fla. Stat. § 893.135 (1)(b), unconstitutional on its face and as applied, takes away all his priors used in the § 851 enhancement notice used to enhance the

movant's sentence of 360 months. Therefore, the court's jurisdiction was not conferred because the prior convictions are non existant due to the retroactive effect this has on the statutory change which becomes an intervening change in the law and a major change in the District and Circuit jurisprudence.

In the United States' Information of the government's intention to rely upon prior narcotics convictions as grounds for increased punishment, brought pursuant to 21 U.S.C. § 851, et seq., the U.S. relies on the following prior convictions:

> 1.) On or about February 23, 2004, a conviction for "Possession of cocaine with intent to deliver-sell at or near a public park," case no. 03-18045CF10. In this prior, the "intent" is also wrong and was not in this charge or conviction period because of the Florida Legislature's July 13, 2002, amendment to the statute taking the "intent" out of the law. This prior conviciton falls under Fla. Stat. § 893.13 and the offense and conviction occurred after July 13, 2002.
>
> 2.) On or about February 23, 2004, a conviction for "Possession of cocaine", Case No. 03-13715CF10. This Offense and conviction occurred after the 7-13-2002 and falls under § 893.13.
>
> 3.) On or about December 20, 2002, a conviction for "Possession of Cocaine", Case No. 02-18385CF-10. This offense and conviction occurred after 7-13-02 and falls under § 893.13.
>
> All of the above prior offenses are now non existant offenses out of the 17 th Judicial District Circuit Court's of Broward County, Florida. All, are cited on page 2 of the Information of enhancement. See D.E. # 48, 0:06-cr-60344-WJZ, entered 6-6-07.

By these priors being null and void on their face they could not have been used to enhance the movant's sentence to 360 months and his 360 month sentence should be vacated and a new sentence be imposed without the 851 enhancment being attached.

## MAGISTRATE REPORT

The Magistrate in this case has already issued a report on 11-15-10, and the U.S. filed objections on 12-2-2010. The Report had a recommendation to resentence the movant based on the prior Battery on a LEO being a non existant offense for purposes of 4B1.1 Career Offender enhancement based on the Johnson decision that Battery on a LEO out of Florida is not longer a violent crime.

Because this District Court has not decided on the outcome of the 2255 and the subsequent filings then it is logical to bring this additional issue now. It is certainly timely and has merit.

Movant would ask that this issue also be referred to Judge White for review and supplementation of the already filed Report he has previously made. This would take care of these sentencing matters and the jurisdictional issue along with the fact that the movant has other priors for 893.13 in his PSI that were used to add to the Criminal History Category and raised the movant's sentence as well. Because Jurisdiction is no longer conferred upon the court and the court having to resentence the movant according to the advisory sentencing guidelines, it would only be logical to proceed with eliminating the other 893.13 priors and providing a guideline range and category range that would be appropriate for resentencing without the 851 or 4B1.1 enhancments.

In a closing issue, movant would also amend the 2255 based on a conferred jurisdictional matter that his attorney was ineffective for not challenging the 851 notice based on the prior 893.13 offenses being unconstitutional on its face under the legal and factual argument

-3-

that the "men rea" had been omitted and must be in the law in order for it to be in compliance with due process of law. Then statute was always there and all it took was counsel doing a **thorough investigation** of the priors and the state statutes that the priors fell under. Had counsel performed this very important function in representing a client in an 851 proceeding then the priors constitutionality could have been brought up at the sentencing hearing and in opposition to the 851 notice which should have been filed by counsel.

## CONCLUSION

In Conclusion, the movant prays this Honorable Court will vacate the sentence and resentence the movant without the enhancements made in the arguments and facts set out in the original 2255 motion, amendment and this supplement. In the alternative, movant would ask that the court appoint counsel and set the matter for and evidentiary hearing.

Respectfully Submitted,

X _____
Johnny Olbel
Reg. No. 77257-004
P.O. Box 1034, USP-2
Coleman, FL 33521

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been mailed to the below party this 6th day of August, 2011, via U.S. Mail, first class postage.

Under the Mailbox Rule, I hereby declare under the penalty of perjury that the foregoing supplement was dropped in the prison mailbox on this 6th day of August, 2011, with first class postage attached.

Jennifer C. Millian, AUSA
7795 S.W. 6th St., 2nd Floor
Plantation, FL 33324

X _____
Movant Pro-se