UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60890-CIV-ZLOCH / WHITE
06-60344-CR-ZLOCH

JOHNNY OLBEL,

     Movant,

v.

UNITED STATES OF AMERICA,

     Respondent.

_____/

## UNITED STATES' RESPONSE TO
## SUPPLEMENTAL ORDER TO SHOW CAUSE (CivDE:23)

The UNITED STATES OF AMERICA, by and through the undersigned Assistant United States Attorney, hereby files this supplemental response in opposition to Movant's §2255 motion (CivDE:1-2), subsequent amendment (CivDE:15) and supplement (CivDE:21). In support thereof, the United States asserts the following:

### BACKGROUND FACTS

1.     On June 11, 2009, Movant filed the instant §2255 motion to vacate. Pursuant to an order to show cause, the United States responded in opposition to the initial §2255 (CivDE:14).

2.     In a subsequent amendment dated August 13, 2010 (CivDE:15), Movant raised additional arguments in support of his §2255 motion. The United States was not ordered to respond to the amendment.

3.     On November 15, 2010, the Honorable U.S. Magistrate Judge Patrick A. White issued an R&R on Movant's initial §2255 motion and first amendment (CivDE:18). The R&R

1

recommended that the §2255 motion be denied, in part, and granted, in part.

4.      Therein, the R&R identified three issues raised by Movant in his initial §2255 motion. Movant first alleged that he had standing to object to the search of the vehicle he was driving (*See* CivDE:18:2). The R&R concluded that this claim lacked merit and should be denied (id. at 11-13). Movant next alleged that his counsel failed to appeal the issue of whether the Government proved possession of the firearm or whether said firearm affected interstate commerce (id. at 2). In this regard, the R&R concluded that the claim was procedurally barred and, nonetheless, lacked merit (id. at 13-14). Finally, Movant asserted that his counsel failed to appeal the issue of whether the conviction was supported by the evidence (id. at 2). The R&R concluded that this claim was also barred and lacked merit (id. at 15-16).

5.      In the August 13, 2010, amendment (CivDE:15), the Movant added three arguments. In the first, Movant expanded upon his argument in relation to the allegation of ineffective assistance of counsel during the litigation of the motion to suppress asserting that the stop was not based upon reasonable suspicion (CivDE:18:16-17). The R&R found that it "arguably [] arises from the same set of circumstances as the related claim raised in Ground 1 of the original §2255 motion" (id. at 18) and that the claim lacked merit nonetheless (id. at 19-20).

6.      Movant also raised two new claims. The first new claim in the amendment was that the enhanced sentence sought pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 851 was void based upon an improper execution (id. at 2-3). In an effort to conserve judicial resources, the R&R forewent a discussion on the timeliness of the issue and whether it related back to a prior claim and simply

2

explained that the claim lacked merit (id. at 20).[1]

7.     Finally, the R&R also discussed Movant's second new claim that his classification under U.S.S.G. §4B1.1(a) as a career offender for battery on a law enforcement officer was incorrect pursuant to Johnson v. United States, — U.S. —, 130 S.Ct. 1265 (2010) (CivDE:18:21). Here, the R&R concluded that the claim was timely raised as it was made within six months of the Supreme Court's opinion in Johnson (id. at 21). The R&R further recommended that the claim be granted because Movant is "actually innocent of being a career offender" (id. at 32).

8.     The United States objected to the recommendation that the §2255 be granted on the Johnson claim (CivDE:19). The United States adopts and incorporates the citations to authority and arguments made in its objections herein. Movant did not object to the R&R.

9.     Finally, on August 6, 2011, Movant executed and mailed a supplement to his §2255 motion. In the supplement, Movant raised, for the first time, a claim that the §851 complaint was based upon convictions under an unconstitutional statute, that is Fla. Stat. §893.101, 893.13 (possession of a controlled substance). In support of his claim, Movant relies upon Shelton v. Sec'y, Dep't. of Corr., — F.Supp.2d —, 2011 WL 3236040 (MD Fla. July 27, 2011) which held that Fla. Stat. §893.101 and 893.13 was unconstitutional under the due process clause ("Shelton claim") because it lacked a knowledge element to the statute.

10.     On September 1, 2011, the District Court re-referred the matter to Magistrate White for the purpose of permitting the United States an opportunity to supplement its response in relation

---

[1] As explained infra, Movant had until October 20, 2009, to file his claims for review under §2255. The instant claim relating to the validity of the §851 complaint is untimely as it was raised more than one year after Movant's convictions and sentence became final. Further, the claim does not relate back under Fed. R. Civ. P. 15(c) and the claim should be denied.

to the three claims in the amendment and the new <u>Shelton</u> claim in the supplement (CivDE:22). On September 6, 2011, Magistrate White issued a supplemental order to show cause requiring the United States to respond to the new issues by October 7, 2011 (CivCE:23). Thereafter, the United States sought and obtained an extension of time within which to respond until October 21, 2011.

## DISCUSSION

I.  **RELIEF SHOULD NOT BE GRANTED CONCERNING THE JOHNSON CHALLENGE TO U.S.S.G. §4B1.1(a) (the Career Offender provision of the Guidelines)**

**<u>JOHNSON</u> IS INAPPLICABLE BECAUSE IT IS PREMISED ON THE ARMED CAREER CRIMINAL ACT WHEREAS MOVANT'S CLAIM IS A NON-COGNIZABLE CLAIM UNDER THE CAREER OFFENDER PROVISION OF THE SENTENCING GUIDELINES.**

The Court has jurisdiction to consider a 2255 motion to vacate a sentence where the movant asserts "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255(a). However, "nonconstitutional claims can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure .'" <u>Burke v. United States</u>, 152 F.3d 1329, 1331 (11th Cir. 1998) (*quoting,* <u>Reed v. Farley</u>, 512 U.S. 339, 348 (1994)). Accordingly, claims concerning the Sentencing Guidelines are not generally cognizable on collateral attack. <u>Montemoino v. United States</u>, 68 F.3d 416, 417 (11th Cir. 1995) (*per curiam*). "Because a defendant has the right to directly appeal a sentence pursuant to the Sentencing Guidelines, the defendant is precluded from raising Guidelines issues in collateral proceedings under §2255."

Martin v. United States, 81 F.3d 1083, 1084 (11th Cir. 1996). Recently, the Eighth Circuit expressly held "that ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim." Sun Bear v. United States, 644 F.3d 700 (8th Cir. 2011) (quoting, Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995)).

In this case, Movant's claim is based upon the application of U.S.S.G. § 4B1.1(a), the career offender provision of the guidelines. As evidenced by the above set of rules, such a claim is not cognizable in motions under § 2255 where no manifest injustice is shown. This is especially true in light of the fact that Movant's sentence falls squarely within his statutory minimum and mandatory sentence. See e.g., United States v. Rodriquez, 553 U.S. 377, 391 (2008) (the concept of maximum term of imprisonment referred to the sentence prescribed by the relevant criminal statute, not the Guidelines range).

"The burden truly is on the defendant to show that the error actually did make a difference: ... if the effect of the error is uncertain so that we do not know which, if either, side it helped the defendant loses." United States v. Rodriguez, 398 F.3d 1291, 1300 (11th Cir. 2005) (citing, Jones v. United States, 527 U.S. 373, 394-95 (1999). In other words, where the effect of an error results in speculation as to the sentence that would otherwise be imposed in the district court, the burden of showing a reasonable probability that the result would have been different but for the error has not been met; he has not met his burden of showing prejudice or that his substantial rights have been affected. Id. at 1301.

Here, Movant's statutory mandatory minimum sentence as to Count 1 (possession with intent to distribute five grams or more of crack cocaine) was ten (10) years and the maximum was life (PSI at ¶ 80). Movant also faced a maximum ten (10) year term on Count 2 (felon in possession of a

5

firearm) pursuant to 18 U.S.C. §§ 922(g)(1), 924(a)(2). Assuming that the guidelines range was adjusted so as not to include the career offender guideline sentencing enhancement, the Court could still impose the same 360 month sentence on Count 1 and concurrent 120 month sentence on Count 2 pursuant to the applicable statutes. *See e.g.*, Burke, *supra*, 152 F.3d at 1331-1332 (holding a claim that the sentencing court misapplied a Guidelines enhancement resulting in a higher than otherwise applicable guidelines range was not cognizable); *See also*, United States v. Addonizio, 442 U.S. 178, 187 (1979) (holding that a sentencing error was not cognizable under §2255 in part because the actual sentence imposed was "within the statutory limits."); United States v. Leonard, 157 F.3d 343, 346 (5th Cir. 1998) ("If the trial judge, on remand, could reinstate the same sentence, it will uphold the sentence imposed despite the trial court's error.").

Further, Johnson, Begay, Chambers and the other cases discussed in the R&R are cases which involve the application of the Armed Career Criminal Act, a federal statute found at 18 U.S.C. §924(e), and did not involve sentences involving the application of the career offender guideline.[2] The only cases discussed in the R&R which involved the application of the career offender provision of the guidelines are either easily distinguishable or are no longer good law. For instance, United States v. Archer, 531 F.3d 1347 (11th Cir. 2008) involved the reversal of a sentence for carrying a concealed weapon on a direct appeal and not a collateral attack (*See* CrDE:18:31). Further, Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010), which involved a collateral attack on a guidelines career offender classification, was vacated by the Eleventh Circuit and is no longer good law. *See,*

---

[2] (CrDE:31:23-24 (*citing*, James v. United States, 550 U.S. 192 (2007) (attempted burglary may be a crime of violence under the ACCA); Begay v. United States, 553 U.S. 137 (2008) (DUI is not a violent felony under the ACCA); Chambers v. United States, 555 U.S. 122 (2009) (Escape/Failure to Report is not a violent felony under the ACCA); Johnson v. United States, — U.S. —, 130 S.Ct. 1265 (2010) (Fla. conviction for simple battery is not a violent felony under the ACCA) (emphasis added).

Gilbert v. United States, 625 F.3d 716 (11th Cir. 2010). Based upon the foregoing, the United States submits that Movant's claim based upon his improper classification under the Guidelines, is not cognizable in the instant §2255 proceedings absent a showing of manifest injustice, a standard which Movant has failed to show by a substantial margin.

> **EVEN IF MOVANT COULD ASSERT THIS CLAIM IN THE INSTANT COLLATERAL PROCEEDINGS, THE CLAIM OF IMPROPER APPLICATION OF THE CAREER OFFENDER GUIDELINE IS PROCEDURALLY DEFAULTED**.

Generally, a defendant must raise all challenges to a conviction and sentence on direct appeal or he is barred from raising the challenge in a §2255 proceeding. United States v. Frady, 456 U.S. 152, 167-69 (1982); Cross v. United States, 893 F.2d 1287, 1289 (11th Cir. 1990); Greene v. United States, 880 F.2d 1299, 1305 (11th Cir.1989); Parks v. United States, 832 F.2d 1244, 1245-46 (11th Cir. 1987). The procedural default rule is designed to "conserve judicial resources" and to promote "respect [for] the law's important interest in the finality of judgments." Massaro v. United States, 538 U.S. 500, 504 (2003). Section 2255 is not designed to provide an alternate avenue to appeal a conviction. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004).

Movant failed to attack any aspect of his sentencing on appeal instead choosing to focus on the litigation of his motion to suppress, whether the government committed a discovery violation during trial, and the constitutionality of the penalty disparities for powder cocaine and cocaine base offenses. *See*, United States v. Olbel, 275 Fed.Appx. 910 (11th Cir. 2008). Because a §2255 motion cannot be a surrogate avenue for an appeal, Movant's previously unraised sentencing claim is only cognizable if an error of constitutional dimensions has transpired. Movant cannot show such is the case here.  Rather, all Movant may have shown is that there was an error with respect to the application of the sentencing guidelines which nevertheless resulted in a sentence which is well

within the limits prescribed by statute. *See e.g.*, Lynn, 365 F.3d at 1232-33 ("a non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment . . . unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice."). The claim of error under the sentencing guidelines was not previously raised by Movant on direct review and is, therefore, barred.

**The Cause & Prejudice exception.**

Notwithstanding the foregoing, a movant may avoid the procedural bar if he can show both cause excusing the failure to raise the claims previously and actual prejudice resulting therefrom. Frady, 456 U.S. at 168; Holladay v. Haley, 209 F.3d 1243, 1254 (11th Cir. 2000); United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000). "Cause" to excuse a procedural default may be established by showing that "some objective factor external to the defense prevented [the movant] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [the movant's] own conduct." Lynn, 365 F.3d at 1235. "Prejudice" is established by showing that the errors "worked to his actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." Frady, 456 U.S. at 170. Where a movant fails to establish "cause" or "prejudice" for his failure to raise on direct appeal issues being raised for the first time in a section 2255 motion, summary dismissal of those claims is warranted. Garland v. United States, 837 F.2d 1563, 1565 n. 4 (11th Cir. 1988); Parks, 832 F.2d at 1246.

In the case at bar, Movant could have argued on appeal, much like Johnson, Begay, and Archer did when their cases went up on appeal, that his Florida battery on a law enforcement officer conviction did not qualify as a crime of violence. There was nothing external to the defense that precluded him from doing so. That the law was not favorable at that time is not sufficient to

overcome the procedural default barrier that now precludes the District Court from consideration of

Movant's claim. *See*, United States v. Coley, 336 Fed. Appx. 933, 936 (11th Cir. 2009):

> ([J]ust as Begay and Archer later did. Cf. Smith v. Murray, 477 U.S. 527,
> 534-35...(1986) (holding that perceived futility in raising an issue on direct appeal
> does not constitute cause for not doing so); Bousley v. United States, 523 U.S. 614,
> 623...(1998) ("[F]utility cannot constitute cause if it means simply that a claim was
> unacceptable to that particular court at that particular time.") (internal citation and
> quotation marks omitted); Turner v. Crosby, 339 F.3d 1247, 1281 (11th Cir. 2003)
> ("If a defendant perceives a constitutional claim and believes it may find favor in the
> federal courts, he may not  bypass the state courts simply because he thinks they will
> be unsympathetic to the claim.").
>
> Because his status as a career offender is a non-constitutional issue that Coley
> could have raised on direct appeal, it is not cognizable on collateral review under §
> 2255.[)].

## ACTUAL INNOCENCE EXCEPTION TO THE PROCEDURAL DEFAULT RULE

Finally, a federal court may also grant a habeas petition on a procedurally defaulted claim,

without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. Murray, 477

U.S. at 495-96. A "fundamental miscarriage of justice" occurs in an extraordinary case, where a

constitutional violation has resulted in the conviction of someone who is actually innocent. Id.

"Actual innocence" does not apply where an individual is designated a career offender under

the Guidelines because that designation is not a separate substantive offense for which petitioner

stands convicted. *See*, Gilbert v. United States, 640 F.3d 1293, 1320 (11th Cir. 2011) ("A defendant

who is convicted and then has the §4B1.1 career offender enhancement ... applied in the calculation

of his sentence has not been convicted of being guilty of the enhancement."). Nevertheless, even if

a district court could consider the exception when a challenge to the career offender classification

is made, a movant must show that he was factually innocent of the prior conviction on which his

career offender sentence was based. McKay v. United States, ---F.3d---, 2011 WL 4389641, *6 (11th

Cir. 2011).

In this case, it is clear that Movant committed the crack cocaine offense and federal firearms offense for which he was convicted. Movant is not actually, factually innocent and he cannot satisfy the exception to the default of this claim. Furthermore, Movant has not shown factual innocence of the underlying criminal offense. Movant only alleges that the conviction should not be counted for purposes of applying the career offender provision. Accordingly, it should be denied.

II.  **NEW CLAIM PURSUANT TO SHELTON V. SEC'Y, DEPT. OF CORR., --- F.Supp.2d ---, 2011 WL 3236040 (MD Fla. July 27, 2011) IN RELATION TO MOVANT'S 851 COMPLAINT (CivDE:21).**

**MOVANT'S NEW ATTACK ON THE § 851 ENHANCEMENT UNDER SHELTON IS UNTIMELY**

Motions filed pursuant to 28 U.S.C. §2255 must be filed within one year of any of the following events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f). In essence, §2255(f) imposes a one-year statute of limitations on §2255 motions.

Where a defendant does not file a timely petition for certiorari with the Supreme Court, "a

judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." <u>Clay v. United States</u>, 537 U.S. 522, 525 (2003); <u>Close v. United States</u>, 336 F.3d 1283, 1284-85 (11th Cir. 2003). According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion. *See,* Sup. Ct. R. 13(1).

In this case, Movant executed and filed his second amendment raising the <u>Shelton</u> claim on August 6, 2011.[3] Therefore, only if Movant's second supplemental claim falls within the one year limitations period of §2255 (f), his claim will be timely. The claim, however, does not.

Movant did not petition the Supreme Court for certiorari resulting in his convictions becoming final ninety (90) days after his petition for *en banc* review was denied. The Eleventh Circuit did so on July 22, 2008. *See*, <u>United States v. Olbel</u>, 285 Fed.Appx. 743 (11th Cir. 2008). Accordingly, Movant's convictions became final on October 20, 2008, and any independent claims for relief on collateral review must have been brought within one year of that date, or, by October 20, 2009. Further, <u>Shelton</u>, upon which Movant's supplemental claim for relief is based, is a district court level decision out of the Middle District of Florida. The decision does not, therefore, satisfy the third enumerated event (newly recognized Supreme Court law) which would permit Movant's claim to be deemed timely.

### MOVANT'S NEW § 851 <u>SHELTON</u> CLAIM DOES NOT RELATE BACK.

If a prisoner amends or supplements his §2255 motion after the statute of limitations expires,

---

[3] [A] prisoner's *pro se* § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing. *See*, <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001).

the new claims are untimely unless they relate back under Federal Rule of Civil Procedure 15(c) to one of the claims in the original motion.[4] <u>Davenport v. United States</u>, 217 F.3d 1341, 1344 (11th Cir. 2000). "'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." <u>Id</u>. A pleading relates back to the original pleading when the pleading asserts a claim "that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." Fed. R. Civ. P. 15(c)(1)(b).

For a claim to relate back in a §2255 proceeding, "the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." <u>Davenport</u>, 217 F.3d at 1344. "Instead, in order to relate back, the untimely claim must have arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type." <u>Id</u>. "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." <u>Mayle v. Felix</u>, 545 U.S. 644, 664 (2005). An amendment that serves to expand facts or cure deficiencies in an original claim relates back to the original claim. <u>Dean v. United States</u>, 278 F.3d 1218, 1223 (11th Cir. 2002).

In this case, the Movant relies upon <u>Shelton</u> to support his new argument that the Florida

---

[4] Fed. R. Civ. P. 15(c) sets out the parameters for the relation back of amendments. Rule 15(c) provides that an amendment to a pleading relates back to the date of the original pleading when "(A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c).  "Rule 15 of the Federal Rules of Civil Procedure applies to civil actions brought under 28 U.S.C. § 2255. <u>Davenport</u>, 217 F.3d at 1343 n.4.

narcotics convictions used to sustain the §851 enhancement are unconstitutional because they lack a knowledge element. This is a new claim that is asserted for the first time in Movant's supplement. As stated above, the statute of limitations has run. Accordingly, the new claim is untimely.

Further, the untimely claim does not relate back. The new <u>Shelton</u> claim does not arise "out of the [same] conduct, transaction, or occurrence" of any other claim. The other claims clearly do not relate. The Movant may attempt to argue that his prior claim in relation to the validity of the §851 enhancement based upon an improper execution (*See* CivDE:18:20) relates to the instant claim forming the basis for the enhanced sentence. As explained *supra* in footnote 1, the claim relating to the execution of the §851 enhancement was untimely raised also.

Further, in that claim Movant attacked the manner in which the §851 complaint was signed rather than, as here, the actual use of the convictions relied upon to enhance Movant's sentence under §841(b)(1)(B). This requires two different analyses; i.e., whether the signature on the §851 enhancement was proper versus whether the convictions used to support the enhancement were constitutionally imposed and relied upon. *See*, <u>Pruitt v. United States</u>, 274 F.3d 1315, 1317 (11th Cir. 2001) ("Congress did not intend Rule 15(c) to be so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts.").

## MOVANT IS NOT ACTUALLY INNOCENT AND CANNOT OVERCOME THE TIME BAR

Generally, actual innocence may serve to overcome the procedural bar caused by the untimely filing of a §2255 motion. <u>United States v. Montano</u>, 398 F.3d 1276, 1280 (11th Cir. 2005). Actual innocence applies when a petitioner is factually innocent of the crime for which he is incarcerated. *See* <u>Bousley</u>, 523 U.S. at 623.

In this case, the evidence plainly shows that Movant is guilty of possessing the crack cocaine with intent to distribute and the firearm after having been previously convicted of a felony offense. Further, Movant does not claim that he did not commit the prior controlled substance offenses, rather he claims that the convictions forming the basis of the §851 complaint fail because the statute under which Movant was convicted is unconstitutional as written. Accordingly, the actual innocence exception to the time bar does not apply to Movant and this claim should be denied.

**PROCEDURAL DEFAULT**

In line with the rules and discussion *supra* regarding the default of the application of the career offender provision of the sentencing guidelines, Movant's claim that his Florida controlled substance convictions are not qualifying convictions because they are allegedly unconstitutional under Shelton is also defaulted (CivDE:21). Again, Movant had not previously argued that application of the §851 enhancement was based upon convictions allegedly based upon an unconstitutional Florida statute. Further, Movant does not allege that he is not actually, factually innocent of those narcotics offenses. Rather, his allegation is that they are unconstitutional under the rationale of Shelton.

Nor can Olbel avoid the procedural default bar by couching his Shelton argument in terms of jurisdiction.  Although the Eleventh Circuit has held that jurisdictional defects cannot be procedurally defaulted and a district court lacks jurisdiction to enhance a sentence unless the government strictly complies with the procedural requirements of § 851(a), see Harris v. United States, 149 F.3d 1304, 1306 (11th Cir. 1998),[5] in this case the § 851 notice was timely filed. Olbel's

---

[5]The Eleventh Circuit recently observed that "[t]he jurisdictional aspect of *Harris* is in doubt in light of later decisions of the Supreme Court holding that 'jurisdiction[]' is the authority of a court to adjudicate a 'class[] of cases.' *Eberhart v. United States*, 546 U.S. 12, 126 S. Ct. 403, 163 L.Ed.2d 14 (2005); *Kontrick v. Ryan*, 540 U.S. 443, 455,

Shelton challenge goes to the constitutionality of the predicate state court convictions, which he could have challenged under the procedures set forth in § 851(c), not the timely filing of the § 851 notice itself.  Therefore, he cannot  show a jurisdictional defect and avoid the procedural bar.

Finally, Olbel cannot avoid the procedural bar due to ineffective assistance of counsel (DE 21:3-4).  While a showing of ineffective assistance of counsel can constitute cause for failing to previously raise a claim, see Murray v. Carrier, 477 U.S. at  488-90, Olbel falls far short of establishing a claim of ineffective assistance of counsel.

Claims of ineffective assistance of counsel under the Sixth Amendment are examined through the two-part test initially set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).  In order to meet the burden of proving ineffective assistance, a petitioner must first show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Strickland, 466 U.S. at 687.  If this showing can be made, the petitioner must then demonstrate  that the "deficient performance prejudiced the defense," which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.  Unless a petitioner can make both showings, he cannot prevail. See id..  As explained below, Olbel cannot meet either prong of Strickland because the district court's analysis in Shelton is infirm and contrary to Florida law.[6]

---

124 S. Ct. 906, 157 L.Ed.2d 867 (2004). . . ."  United States v. Ladson, 643 F.3d 1335, 1343 n. 11 (11th Cir. 2011). The Ladson Court found it was not required to decide whether the notice requirements of § 851(a)(1) are jurisdictional and this Court likewise need not consider whether the jurisdictional aspect of  Harris remains good law.  As explained above, Harris provides Olbel with no relief because the § 851 notice was properly filed in this case.

[6]Ineffective assistance of counsel claims do not have to be raised in the trial or appellate court in order to be preserved.  Massaro v. United States, 538 U.S. 500, 504 (2003).  But although Olbel's ineffective assistance of counsel claim is not procedurally barred under Frady, it is time barred and lacks merit for the reasons explained above.

## OLBEL MAY NOT COLLATERALLY ATTACK HIS STATE COURT PREDICATE CONVICTIONS IN HIS § 2255 MOTION

Olbel argues that his state court convictions under Fla. Stat. § 893.13 are "null and void on their face" and thus they could not be used to enhance his sentence pursuant to 21 U.S.C. § 851 (DE 21:1-2).  He also contends that these predicate convictions were improperly used in calculating his criminal history category and career offender status under the sentencing guidelines and that he should be resentenced without consideration of the state court convictions under Fla. Stat. 893.13 (DE 21:3).[7]  None of these claims are cognizable under § 2255.[8]

In Custis v. United States, 511 U.S. 485, 496-97 (1994), the Supreme Court held that in a federal sentencing proceeding, the defendant may not challenge facially valid prior convictions used to enhance his current federal sentence under the Armed Career Criminal Act ("ACCA"), except on the ground that the prior conviction was obtained in violation of his right to counsel under Gideon v. Wainwright, 372 U.S. 335 (1963).  The Eleventh Circuit similarly has held that predicate convictions used to enhance a defendant's criminal history or career offender designation under the sentencing guidelines cannot be collaterally attacked in a federal sentencing hearing unless the prior convictions were obtained in violation of the defendant's right to counsel.  United States v. Phillips, 120 F.3d 227, 231-32 (11th Cir. 1997) (court abused its discretion in using USSG § 4A1.3 to lower sentencing guidelines range because of court's doubts about validity and fairness of prior conviction); see also United States v. Roman, 989 F.2d 1117, 1120 (11th Cir. 1993) (en banc) (defendant must demonstrate prior conviction is "presumptively void" before sentencing court can

---

[7]Because Olbel is proceeding pro se, we liberally construe his arguments to raise a collateral attack to his guidelines calculations based on Shelton.

[8]Olbel's jurisdictional and ineffective assistance of counsel claims based on Shelton are cognizable but fail for the reasons stated herein.

consider its constitutional validity for purposes of computing criminal history under USSG § 4A1.2);

Farris v. United States, 77 F.3d 391 (11th Cir. 1996) (extending Custis and Roman to career offender

enhancement).[9]

As previously explained, sentencing guideline challenges are not cognizable under § 2255.

And collateral attacks to predicate convictions used to enhance a guidelines range are not cognizable

for a second reason.  The Supreme Court has held that a federal prisoner who has failed to pursue

available remedies to challenge a prior conviction (or has done so unsuccessfully) may not

collaterally attack that conviction through a motion pursuant to § 2255 directed at a federal sentence.

Daniels v. United States, 523 U.S. 374 (2001) (citing Custis, 511 U.S. at 493 (only prior convictions

which may be collaterally attacked at sentencing were those obtained in violation of the right to

appointed counsel)).  The Court explained:

> After an enhanced federal sentence has been imposed * * *, the person sentenced
> may pursue any channels of direct or collateral review still available to challenge his
> prior conviction. * * * If any such challenge to the underlying conviction is
> successful, the defendant may then apply for reopening of his federal sentence. * *
> *  If, however, a prior conviction used to enhance a federal sentence is no longer
> open to direct or collateral attack in its own right because the defendant failed to
> pursue those remedies while they were available (or because the defendant did so
> unsuccessfully), then * * * the defendant may not collaterally attack his prior
> conviction through a motion under § 2255.

Daniels, 532 U.S. at 382.[10]

---

[9]Thus, even if Olbel's sentence were vacated on other grounds, he could not challenge the validity of his state court convictions at his federal resentencing hearing.

[10]Daniels involved a defendant whose sentence had been enhanced pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  It is clear that a defendant who has successfully challenged his prior conviction may then filed a § 2255 motion attacking a federal sentence that was enhanced under § 924(e) on the basis of that conviction. See United States v. Walker, 198 F.3d 811, 813 (11th Cir. 1999).  But the same is not true for guidelines challenges. Because sentencing guidelines claims are not cognizable, Olbel would not be able to file a § 2255 motion challenging his guideline sentence based on an order vacating a conviction that had been used to enhance his guideline range. Although such a motion would not be barred as a successive § 2255 motion, see Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011), it would not be cognizable under that statute (cognizability was not raised in Stewart).  We

Daniels dealt with the situation where, because of the rule in Custis, a collateral attack on the prior conviction was not possible at sentencing.  Custis, 511 U.S. at 491-92.  Olbel's challenge to the predicate convictions used to enhance his drug sentence under Title 21 thus does not appear to fall under Daniels because Olbel could have raised his current constitutional argument at his sentencing.  Congress provided an explicit and limited procedure by which a defendant must raise a challenge to the validity of potentially enhancing predicate convictions under 21 U.S.C. § 841(b) prior to the original imposition of the federal sentence.  Pursuant to section 851(a)(1), the drug recidivist enhancement provisions of  Title 21 are triggered when the government, prior to trial or the defendant's guilty plea, files and serves on the defendant an information describing the prior convictions on which the enhancement is based.  21 U.S.C. § 851(a)(1).  To challenge the validity of a prior conviction alleged in the government's information, the defendant must file a written response with the court.  21 U.S.C. § 851(c)(1).  Where the defendant challenges his conviction on a constitutional basis, his claim must be stated with particularity.  21 U.S.C. § 851(c)(2).  Also, if the defendant challenges the validity of his conviction, a hearing must be held.  See United States v. Sanchez, 138 F.3d 1410, 1417 (11th Cir. 1998).

Section 851 further provides:  "Any challenge to a prior conviction, not raised by response

_____

recognize that there is dicta in Johnson v. United States, 544 U.S. 295 (2005) suggesting that such a claim would be cognizable, but the cognizability issue was not briefed in that case.  Johnson determined that a state court order setting aside a prior conviction used to classify a defendant as a career offender was a new "fact" for purposes of the one-year statute of limitations in 28 U.S.C. § 2255(f)(4).  544 U.S. at 308.  But the Court held Johnson's lack of diligence in seeking the order rendered his motion untimely under Section 2255(f)(4).  544 U.S. at 310-11 (the same would be true for Olbel).  Prefatory language in the decision states that the government shared Johnson's preliminary assumption that he might be able to seek collateral relief if he succeeded in setting aside the prior conviction, but the cases the Court cited for that proposition all involved collateral attacks on ACCA sentences.  Because none of the cited cases involved a guidelines error, none had any occasion to address the cognizability issue.  Nor did Johnson reach the cognizability issue because the Court's holding was simply that Johnson's motion was untimely.  And while the decision in Johnson was issued shortly after Booker, the government's "assumptions" about the cognizability of such claims could not have taken into account the now-advisory status of the guidelines because the government's brief in Johnson was filed in December 2004, a month before Booker was decided.

18

to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge." 21 U.S.C. § 851(c)(2). There is no question that Olbel had the opportunity to challenge his enhanced sentence pursuant to the procedures set forth in § 851 and failed to do so. Thus, Olbel waived his current challenge. The waiver precludes his current attempt to collaterally attack his state court predicate convictions under § 2255. We also note that unlike the § 924(e) predicate convictions discussed in Daniels, Olbel could not later file a §2255 challenge to his sentence enhancement under Title 21 even if he succeeds in having his predicate convictions vacated in state court based on his Shelton argument. See United States v. Roberson, 684 F.Supp.2d 179, 188 n.11 (D. Mass. 2010) ("prior convictions that could not have been challenged prior to sentencing because the ground for challenge-such as newly discovered evidence-did not exist prior to the federal sentencing could, consistent with the exception clause in § 851(c)(2), be challenged by means of a § 2255 motion," but vacatur of prior state conviction based on arguments that could have been argued before federal sentencing did not provide basis for §2255 motion).

Assuming *arguendo* a challenge to an §851 predicate conviction would be cognizable under §2255 where the movant can show "good cause" for not timely raising his challenge after the government filed its § 851 information, that clearly is not the situation in Olbel's case. He could have asserted his constitutional challenge at sentencing pursuant to the procedures set forth in § 851, and he cannot avoid §851's waiver provision by claiming ineffective assistance of counsel as "good cause" for his failure to raise his current constitutional challenge pursuant to the procedures set forth in § 851.

As noted above, claims of ineffective assistance of counsel under the Sixth Amendment are

examined through the two-part test initially set forth by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  In order to meet the burden of proving ineffective assistance, a petitioner must first show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." <u>Strickland</u>, 466 U.S. at 687.  If this showing can be made, the petitioner must then demonstrate  that the "deficient performance prejudiced the defense," which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Id</u>.  Unless a petitioner can make both showings, he cannot prevail. See <u>id.</u>. As explained below, Olbel cannot meet either prong of <u>Strickland</u> because the district court's analysis in <u>Shelton</u> is infirm and contrary to Florida law.

### <u>SHELTON</u> IS A NON-BINDING MIDDLE DISTRICT DECISION AND THE COURT SHOULD CONCLUDE, AS FLORIDA COURTS HAVE CONSISTENTLY HELD, THAT FLA. STAT. § 893.101, 893.13 IS CONSTITUTIONAL

In <u>Shelton</u>, a United States District Court Judge in the Middle District of Florida granted a state prisoner relief under 28 U.S.C. §2254 by surmising that Fla. Stat. §893.13 punishes without proof of knowledge or other criminal intent and is, thereby, unconstitutional as is it violates the due process clause. <u>Shelton.</u>, 2011 WL 3236040, *5-*12. The <u>Shelton</u> court reasoned that the flaw occurred in 2002 as a result of a rewrite of Fla. Stat. §893.101 which expressly eliminated a *mens rea* requirement as an element of a drug offense under the chapter. <u>Id</u>. at *2.  As explained below, Olbel's reliance on <u>Shelton</u> is miplaced.

First, this Court is not bound by the district court's decision in <u>Shelton</u>.  It is a well-established principle of federal law that the opinion of one district court does not bind another. <u>Fishman & Tobin, Inc. v. Tropical Shipping & Const. Co., Ltd.</u>, 240 F.3d 956, 965 (11th Cir. 2001); see also <u>Doe v. Prior</u>, 344 F.3d 1282, 1286 (11th Cir. 2003) (even state courts are not bound by

federal district court opinions). Rather, a sister court's opinion is merely persuasive authority. Fishman & Tobin, Inc., 240 F.3d at 965.

Indeed, recently another United States District Court Judge in the Middle District of Florida, Knox v. Sec'y of the Fla. Dep't of Corrs., Case No. 3;10-c-306-HES-TEM (M.D. Fla.) (Schlesinger, J.) (Doc. 19, at 15), held, contrary to Shelton, that a 2254 petitioner's 15-year prison sentence based on his 2008 Florida state conviction for sale or delivery of cocaine, in violation of Fla. Stat. § 893.13(1)(a)(1), did not violate petitioner's due process rights.   In particular the Knox court examined the Florida legislature's 2002 amendment to Fla. Stat. § 893.13 and concluded that it did not render the crime of sale or delivery of cocaine a strict liability offense.  (Id. at 14.)  Rather, the Knox court determined that Fla. Stat. § 893.101 merely removed "knowledge of the *illicit* nature of a *controlled substance*: from the offense of possession, sale, or delivery of cocaine, as proscribed by Fla. Stat. § 893.13." (Id. at 13) (emphasis added).

We respectfully submit that Knox is the better reasoned opinion.  "[T]he Due Process Clause requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged." Patterson v. New York, 432 U.S. 197, 210 (1977). The legislature removed guilty knowledge as an element from the offense, but did not require a defendant to prove or disprove knowledge. Wright v. State, 920 So.2d 21, 25 (Fla. 4th DCA 2005). Where a defendant raises lack of knowledge as a defense, a permissive presumption attaches, allowing the jury to draw an inference from the facts. Id. This, however, is not unconstitutional under the law. *See*, Williams v. State, 45 So. 3d 14, 16 (1st DCA 2010) (collecting cases). Only mandatory and conclusive presumptions are prohibited. Wright, 920 So.2d at 25 (citing, Fitzgerald v. State, 339 So.2d 209, 211 (Fla.1976)); *See also*, Burnette v. State, 901 So. 2d 925, 927 (Fla. 2d DCA 2005)

(citing, <u>Herrera v. State</u>, 594 So. 2d 275, 278 (Fla. 1992)) (Upholding the constitutionality of the Fla. Stat. §893.101 under the due process clause stating that placing on the defendant the burden of proving an affirmative defense is not unconstitutional, because it does not relieve the State of its burden to prove beyond a reasonable doubt all the elements of the crime).

### <u>Olbel Cannot Mount a Facial Challenge to Fla. Stat. § 893.13</u>

Even if Olbel were attempting to mount his current challenge at his sentencing hearing under 21 U.S.C. §851(c)(2) – which he of course failed to do – his argument would fail. Where, as here, a party mounts a facial challenge to a statute, it is incumbent upon the challenger to "*establish that no set circumstances exists under which the Act would be valid*." <u>United States v. Salerno</u>, 481 U.S. 739, 745 (1987) (emphasis added). This analysis is absent from Olbel's supplemental claim (or the <u>Shelton</u> decision for that matter). There is good reason for such analysis. As a Supreme Court pointed out in <u>Washington State Grange v. Washington State Republican Party</u>, 552 U.S. 442, 450-51 (2008), "facial challenges threaten to short circuit the democratic process by preventing laws embodying the will of the people from being implemented in a matter consistent with the Constitution. We must keep in mind that [a] ruling of unconstitutionality frustrates the intent of the elected representatives of the people." (internal quotation marks omitted). Ultimately, because several Florida District Courts of Appeal have interpreted Fla. Stat. § 893.13 in conformity with constitutional requirements, it is improper for a court to declare Fla. Stat § 893.13 facially unconstitutional. <u>Agan v. Vaughn</u>, 119 F.3d 1538, 1544 (11th Cir. 1997) ("A facial attack on a statue may not succeed where the statute in question has been interpreted by the state courts in such a way as to make the statute's operation constitutional.").

**Fla. Stat. § 893.13 is a General Intent Statute, not a Strict Liability Statute**

Florida Statute 893.13 has been a general intent statute since the 2002 enactment of Fla. Stat. § 893.101.[11]   See Quick v. State, 46 So. 3d 1159, 1160 (Fla. 4th DCA 2010); Wright v. State, 920 So.2d 21, 24 (Fla.4th DCA 2005).   Simply put, Fla. Stat. § 893.101 was designed to reverse the Florida Supreme Court's engrafting of a specific intent element onto Fla. Stat. § 893.13.   First is Chicone v. State, 684 So.2d 736 (Fla. 1996), and several years later in Scott v. State, 808 So2d 166 (Fla. 2002), the Florida Supreme Court held that a prosecution under Fla. Stat. § 893.13 required the government "to prove that [the defendant] *knew of the illicit nature* of the items in his possession." Chicone, 684 So.2d at 744 (emphasis added); Scott, 808 So.2d at 172 (holding that "knowledge of the *illicit* nature of the contraband is an element of the crime of possession of a controlled substance.") (emphasis added).   This specific intent element was not required by the plain language of Fla. Stat § 893.13.  Rather, the Florida Supreme Court read this *mens rea* requirement into the statute.

In 2002, the Florida Legislature sought to remove this specific intent element from Fla. Stat. § 893.13. Fla. Stat. § 893.101 was the vehicle for this reversal:

**893.101 Legislative findings and intent**

> (1) The Legislature finds that the cases of Scott v. State, Slip Opinion No. SC94701 (Fla. 2002), and Chicone v. State, 684 So.2d 736 (Fla. 1996),  holding that the state must prove that the defendant *knew of the illicit nature of a controlled substance* found in his or her

---

[11] "A 'general intent' statute is one that prohibits either a specific voluntary act or something that is substantially certain to result from the act (e.g., damage to a building is the natural result of the act of setting a building afire).  A person's subjective intent to cause particular result is irrelevant to general intent crimes because the law ascribes to him a presumption that he intended such a result ....  Thus, in general intent statutes words such as "willfully" or "intentionally," without more, indicate only that the person must have intended to do the act and serve to distinguish that conduct from accidental (noncriminal) behavior or strict liability crimes ...." Hentz v. State, 62 So.3d 1184, 1190 (Fla. 4th DCA 2011) (quoting Linehan v. State, 442 So.2d 244, 247-48 (Fla. 2d DCA 1983)).

actual or constructive possession, were contrary to legislative intent.

> (2) The Legislature finds that knowledge of the *illicit nature of a controlled substance is not an element of any offense under this chapter*.  Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense to the offenses of this chapter.

Fla. Stat § 893.101 (emphasis added).  The effect of this legislation was not to render Fla. Stat § 893.13 a strict liability statute, instead, it reduced the *mens rea* level from specific intent to general intent.  As the Fourth District Court of Appeals observed, "The statute [i.e., Fla. Stat § 893.101] does two things: *it makes possession of a controlled substance a general intent crime*, no longer requiring the state to prove that a violator be aware that the contraband is illegal, and, second, it allows a defendant to assert lack of knowledge as an affirmative defense."[12]  Wright, 920 So.2d at 24.  As such, Fla. Stat § 893.13, post amendment, is still constitutionally valid.[13]

Olbel's assertion that Fla. Stat. § 893.101 removed any mens rea requirement from Fla. Stat. § 893.13, thereby rendering it a strict liability statue, is not supported by Florida Law.  There is not one Florida District Court of Appeals opinion that has determined Fla. Stat. § 893.13 to be a strict liability statute.  On the other hand, two Florida District Courts of Appeal cases have held that, post

---

[12]This may have been the impetus for the Fourth District Court of Appeals in Wright, 920 So.2d at 24, to hold that Fla. Stat. § 893.13 became a general intent statute after the enactment of Fla. Stat. § 893.101.

[13]Although 'the [Florida] Legislature generally has broad authority to determine any requirement for intent or knowledge in the definition of a crime," see Reynolds v. State, 842 So.2d 46, 49 (Fla. 2002), Florida courts "are also obligated to construe statutes in a manner that avoids a holding that statute may be unconstitutional." State v. Giorgetti, 868 So.2d 512, 518 (Fla. 2004).  See Staples v. United States, 511 U.S. 600, 605 (1994) ("[S]ilence . . .  does not necessarily suggest that Congress intended to dispense with a conventional mens rea element, which would require that the defendant know the facts that make his conduct illegal.").  In fact, the United States Supreme Court "has on a number of occasions read a state-of-mind component into an offense even when the statutory definition did not in terms so provide."  United States v. United States Gypsum Co., 438 U.S. 422, 437 (1978).  In Gray v. Central Florida Lumber Co., 104 Fla. 446, 140 So. 320 (Fla. 1932), the Florida Supreme Court listed several canons of construction to be followed in interpreting statues: "(1) On its face every act of the Legislature is presumed to be constitutional; (2) every doubt as to its constitutionality must be resolved in its favor; (3) if the act admits of two interpretations, one of which would lead to its constitutionality and the other to its unconstitutionality, the former rather that the latter must be adopted[.] Id at 323.  These canons of statutory constructions find applicability here.

24

Fla. Stat. § 893.101, the drug offenses enumerated in Fla. Stat § 893.13 became general intent crimes.  Quick, 46 So. 3d at 1160; Wright, 920 So.2d at 24.

Federal courts cannot re-write the elements of Fla. Stat. § 893.13.  In fact, federal courts are "bound by a state's supreme court precedent when interpreting state law, including its determination of the elements of the statute at issue."  United States v. Martinez-Vasquez, Case No. 10-13709, 2011 WL 3612197, at *2 (11th Cir. Aug. 17, 2011) (unpublished) (citing Johnson v. United States, 130 S. Ct. 1265, 1269 (2010)).  And "[i]f the state supreme court has not definitively determined a point of state law, [federal courts] are bound to adhere to decisions of the state's intermediate courts absent some indication that the state supreme court would have otherwise."  Id.  (citing Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 627 (11th Cir. 1996)).  Here, the Fourth District Court of Appeals has determined that Fla. Stat. § 893.13 is a general intent statute.  There are no state appellate cases to undermine this determination.  Johnson and Sculptchair require this Court to adhere to the district court of appeals' determination that Fla. Stat. § 893.13 is a general intent statute.  See Johnson v. Frankell, 520 U.S. 911, 916 (1997) (fundamental to the concept of federalism is the understanding that federal courts cannot "place a construction on a state statute different from the one rendered by the highest court of the States.").

**Olbel Fails to Establish that Fla. Stat § 893.13 is Unconstitutional As Applied to Him**

Even if Olbel had  raised his Shelton claim at sentencing as an applied constitutional challenge, he would not have met his burden of proof with respect to his predicate convictions.  See United States v. Mata, 400 Fed. App'x 422, 423 (11th Cir. 2010) (defendant bears the burden of proof by a preponderance of the evidence on any issue of fact raised in opposition to the 851 Notice).  Olbel has simply offered no evidence to show that, as applied to his predicate conviction, Fla. Stat

§ 893.13 is unconstitutional.  He has offered no facts to show what representations/admissions were or were not made at this change of plea hearing or sentencing hearing.  It is not the government's burden to establish any of these facts. Because a facial challenge is inappropriate in this case, and Olbel has made no attempt to articulate an as-applied challenge to Fla. Stat. § 893.13, even a timely § 851(c) challenge at sentencing on the basis alleged would have failed.

WHEREFORE, the United States of America respectfully requests that this Honorable Court deny Movant's §2255 motion and all subsequent amendments and supplements (CivDE: 15, 21).

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:

s/ Jennifer C. Millien
Jennifer C. Millien (FL Bar No. 171700)
Email:  jennifer.millien@usdoj.gov
Assistant United States Attorney
7795 SW 6th Street, 2nd Floor
Plantation, FL 33324
TEL: (954) 888-1674
FAX: (954) 577-9425
Attorney for Plaintiff, USA

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ *Jennifer C. Millien*
_____
Jennifer C. Millien (FL Bar No. 0171700)
Assistant United States Attorney

## <u>SERVICE LIST</u>

**JOHNNY OLBEL vs. UNITED STATES OF AMERICA**
CASE NO. 09-60890-CIV-ZLOCH
CASE NO. 06-60344-CR-ZLOCH
United States District Court, Southern District of Florida

**Jennifer C. Millien**
Assistant U.S. Attorney
jennifer.millien@usdoj.gov
7795 SW 6th Street, 2nd Floor
Plantation, FL 33324
TEL: (954) 888-1674
FAX: (954) 577-9425
Attorney for the Government
Method of Service: CM/ECF

**Johnny Olbel, pro se**
United States Prison
P.O. Box 3000
Pine Knot, KY 42635
Method of Service: Regular U.S. Mail