UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60890-CIV-ZLOCH / WHITE
(06-60344-CR-ZLOCH)

JOHNNY OLBEL,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## UNITED STATES' OBJECTIONS TO THE SUPPLEMENTAL REPORT OF MAGISTRATE JUDGE UPON RE-REFERRAL OF CASE (CivDE:36)

    The UNITED STATES OF AMERICA, by and through the undersigned Assistant United States Attorney, hereby objects to the Magistrate Judge's Report and Recommendations (CivDE:36) to the extent that it recommends that Movant's sentence be vacated and that he be resentenced by the District Court under the theory that application of the Career Offender guideline resulted in a miscarriage of justice. The United States submits, as it has previously, that Movant's attack on his advisory guidelines sentencing range is procedurally defaulted and, nevertheless, not cognizable in the instant § 2255 proceeding.  In all other respects, however, the United States has no objection to the Supplemental Report of the Magistrate Judge. In support thereof, the United States submits the following:

### BACKGROUND FACTS

    On March 21, 2012, the Honorable Magistrate Judge Patrick A. White issued a Supplemental Report (CivDE:36) on the eight claims raised in Movant's § 2255 motion, 1st amendment, and

1

supplement (CivDE:1; 15; 21). As was the case with the initial report and recommendation, the Supplemental Report recommended that Movant's request for relief be denied, in part, and granted, in part.

The Supplemental Report identified the issues raised in Movant's respective pleadings and listed them as follows:

**(Claims from the Initial § 2255 Motion, Cv:DE1)**

1. **The defendant has standing to object to the search of the car in his possession // Defense counsel failed to protect the petitioner's fourth amendment Rights.**

2. **The government never proved that Johnny Olbel, had actual or constructive possession of a firearm or that Olbel, affected interstate commerce** [and Olbel asserts that the claim was not raised on appeal due to counsel's ineffective assistance].

3. **The governments evidence is wholly insufficient to support the conviction in both counts. the conviction violates the 5th and 6th amendments** [and Olbel asserts that the claim was not raised on appeal due to counsel's ineffective assistance].

**(Claims from the 1st Amendment, Cv:DE15)**

1. **Ineffective Assistance of Counsel For Failure to Successfuly [sic] Argue Petitioner's Motion to Suppress the Evidence.**

[Here, Movant claims that the officer's reason for "stopping" him was "not based on reasonable articulated suspicion;" that there was an "illegal seizure of [his] person;" and that if counsel had properly argued his motion to suppress, the evidence which was seized would have been suppressed].

2. **Failure to Comply with Section 851.**

[The essence of this claim is that the "*Information and Notice of Government's Intention to Rely Upon Prior Narcotics Convictions as Grounds for Increased Punishment*" (Cr:DE48, filed 6/6/2007) has a type-written signature of the government attorney; and Movant, citing Becker v. Montgomery, 532 U.S. 757 (2001), argues that "that typewritten signature does not satisfy the rule regarding

2

> pleadings (under rule 11) civil procedure."].
>
> 3. **In light of the recent decision by the U.S. Supreme Court <u>Johnson vs. United States</u> 130 S.Ct. 1265 (2010) the petitioner is actual innocent of the enhancement under 4B1.1 guideline provision.** [Movant also cites "<u>Gilbert v. United States</u>, 2010 U.S. App.Lexis 12693 no 09-12513 (June 21, 2010 11th cir." ].
>
> **(Claims From the Supplement or 2nd Amendment, Cv:DE21)**
>
> 1. The U.S. District Court's decision in <u>**Shelton v. Sec'y, Dep't of Corr.,**</u> 812 F.Supp.2d 1289, 2011 WL 3236040 (M.D.Fla., July 27, 2011) (citing <u>State v. Green</u>, No. 08–3673–CF–10A (Fla.Cir.Ct. Feb.7, 2011) **"declaring Fla.Stat. §893.135(1)(b) unconstitutional on its face and as applied, takes away all [of Movant Olbel's] priors used in the §851 enhancement notice used to enhance the movant's sentence of 360 months** [and]..."therefore, the court's jurisdiction was not conferred because the prior convictions are non-existent...".
>
> [Phrased differently, the Movant claims that none of his prior State drug convictions [in Case 03-18045CF10 (on 2/23/04), for Possession with Intent to Deliver Cocaine; in Case 03-13715CF10 (on 2/23/04), for Possession of Cocaine; and in Case 02-18385CF10 (on 12/20/02) for Possession of Cocaine] which were listed in the Government's §851 Notice (Cr:DE48), could be used to support enhancement of his federal sentence, and the court lacked jurisdiction because those convictions were rendered "non-existent" by the <u>Shelton</u> decision].
>
> 2. **"His attorney was ineffective for not challenging the §851 Notice based on the prior §893.13 offenses being unconstitutional on its face under the legal and factual argument that the "men rea" had been omitted and must be in the law in order for it to be in compliance wit due process of law."**

(CivDE:36:2-4 (emphasis in original)).

As to the first 5 claims raised by Movant in his initial motion and first amendment, the Supplemental Report relied upon the discussion in the original R&R and again recommended that those claims be denied (<u>id</u>. at 5). The Supplemental Report also recommended that the claims from the Second Amendment (claims 7 and 8 in the Supplemental Report) be denied as being without

3

merit as well (id. at 22-30).

As to claim 6 relating to Movant's treatment as a career offender, on re-referral from the District Court (*see* CivDE:21), the Supplemental Report again recommended that the § 2255 motion be granted, in part, that Movant's sentence be vacated, and that he be resentenced without the application of the career offender guideline of U.S.S.G. § 4B1.1(a) (CivDE:36:22). The Supplemental Report explained that under Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011) and McKay v. United States, 657 F.3d 1190, 1198-1200 (11th Cir. 2011), Movant cannot be "actually innocent" of his career offender enhancement (CivDE:36:12). Further, the Supplemental Report acknowledged that Movant's Johnson-based claim is procedurally barred under Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004), Kerr v. United States, 2012 WL 425792,*1 (11th Cir. 2012), and United States v. Coley, 336 Fed.Appx. 933, 936 (11th Cir.2009).

The Supplemental Report suggests, however, that Movant's enhanced advisory guidelines sentencing range results in a miscarriage of justice, albeit not a sentence that is in excess of the statutory maximum, and that such perceived miscarriage may only be alleviated by lifting the procedural bar and resentencing Movant without application of the career offender guideline (CrDE:36:22). Interestingly, in reaching its conclusion the Supplemental Report acknowledges that Eleventh Circuit Court decisions suggest that an enhanced sentence that *exceeds* a statutory maximum becomes a matter of constitutional concern if the law subsequently changes such that the enhancement is no longer applicable, but that an enhanced sentence as a career offender that is below the statutory maximum *"cannot* be the subject of collateral review, leading to a grant of resentencing on the basis of 'miscarriage of justice,' if the sentence was based on a prior conviction for a crime that under new Supreme Court authority does not qualify as a predicate offense for Career offender

enhancement" (id. at 12-13 (*citing* Page v. United States, 2011 WL 3925373,*2 (11th Cir. 2011); Hunter v. United States, 2011 WL 6379322 (11th Cir. 2011); Orso v. United States, 2012 WL 130187,*1-2, n.5 (11th Cir. 2012)).

In recommending that Movant's sentence be vacated and that he be resentenced, the Supplemental Report relies upon Narvaez v. United States, ___ F.3d ___, 2011 WL 6382106,*5-6 (7th Cir. Dec. 6, 2011). Narvaez found that misapplication of the then *mandatory* Career offender guideline resulted in a miscarriage of justice because there was no way of avoiding the imposition of a guideline sentence. Id. As will be explained below, and as has been acknowledged by the Seventh Circuit – the same circuit where Narvaez was decided – the miscarriage of justice standard is not necessarily satisfied by misapplication of the *advisory* Career offender guideline as was done in Movant's case.

The United States respectfully objects to the recommendation that Movant's sentence be vacated and that he be resentenced. As will be demonstrated below, Movant's claim under the guidelines is procedurally barred and not cognizable in the instant § 2255 motion, as has been seemingly acknowledged in the Supplemental Report. Further, the Supplemental Report's reliance on Narvaez is misplaced and Eleventh Circuit authority is highly probative, if not determinative, as to how these issues should be analyzed. The United States respectfully submits that the legally prudent and advisable course of action is to deny the instant § 2255 in total because the law, as it exists in the Eleventh Circuit, does not warrant the granting of relief for claims that are based upon misapplication of the advisory guidelines.

## DISCUSSION

**MOVANT'S CLAIM THAT HE WAS ERRONEOUSLY CLASSIFIED AS A CAREER OFFENDER UNDER USSG §4B1.2(A) IS PROCEDURALLY DEFAULTED AND IS NOT COGNIZABLE UNDER 28 U.S.C. §2255.**

    **A.    Movant's claim is procedurally defaulted.**

A collateral challenge such as a 28 U.S.C. §2255 motion is not a surrogate for a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982). Therefore, "'a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a §2255 proceeding.'" McKay, *supra*, 657 F.3d at 1196 (*quoting* Lynn, *supra*, 365 F.3d at 1234). This is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments. Id. In this case, it is beyond dispute that Movant procedurally defaulted his claim that he was erroneously sentenced as a career offender because he did not challenge his sentence on direct appeal. *See* United States v. Olbel, 275 Fed.Appx. 910 (11th Cir. 2008).

There are, however, two exceptions to the procedural default rule: "(1) for cause and prejudice, or (2) for a miscarriage of justice, or actual innocence." McKay, 657 F.3d at 1196. Under the cause and prejudice exception, a §2255 movant can avoid application of the procedural default bar by "show[ing] cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." Id. Under the actual innocence exception, a movant's procedural default is excused if he can show that he is actually innocent either of the crime of conviction or, in the capital sentencing context, of the sentence itself. Id.

The Eleventh Circuit recently held that the "actual innocence" exception does not apply to a claim that the movant was erroneously sentenced as a career offender. McKay, 657 F.3d at 1200.

In McKay, the movant filed a §2255 motion, arguing that he was erroneously sentenced as a career offender based on a prior conviction for carrying a concealed weapon that no longer qualified as a crime of violence. Id. at 1192-93. McKay, like Movant, had not filed a direct appeal. Id. at 1193. Therefore, the Eleventh Circuit held that McKay's sentencing claim was procedurally defaulted, and rejected his argument that his procedural default was excused by the doctrine of actual innocence. Id. at 1198-1200.

In McKay, the Eleventh Circuit specifically addressed the question of whether the "actual innocence of sentence exception" applies to a movant's claim that he was erroneously sentenced as a career offender because one of his prior convictions no longer qualifies as a "crime of violence." Id. at 1198. The Court held that even assuming that the actual innocence exception extends beyond the capital sentencing context, it still does not apply to claims of legal, rather than factual, innocence. Id. Therefore, it does not apply to claims that a particular offense no longer qualifies as a crime of violence:

> McKay makes the purely legal argument that he is actually innocent of his career offender sentence because his prior conviction for carrying a concealed weapon should not have been classified as a "crime of violence" under the Guidelines. McKay does not even suggest, because he cannot, that he did not actually commit the crime of carrying a concealed weapon. In other words, he makes no claim of factual innocence of the predicate offense. No circuit court has held that the actual innocence exception is available for claims of purely legal innocence, like McKay's, and we refuse to do so as well. Thus, even if the actual innocence exception were to extend to the noncapital sentencing context (a question we need not decide), this exception would not apply to McKay's claim of legal innocence and thus could not excuse his procedural default.

657 F.3d at 1199 (footnote omitted).

In short, the Eleventh Circuit has "decline[d] to extend the actual innocence of sentence exception to claims of legal innocence of a predicate offense justifying an enhanced sentence." Id.

7

Here, because Movant has procedurally defaulted his claim of sentencing guideline error, and the "actual innocence" exception does not apply, this Court should deny Movant's § 2255 motion on this particular issue, as well as the others.

### B.     Movant's Claim is Not Cognizable in a § 2255 Proceeding.

Not only is Movant's claim of sentencing guideline error procedurally barred, but it is also not cognizable on collateral review. As has been previously argued by the Government in the instant § 2255 proceedings, 28 U.S.C. §2255(a) permits a court to grant relief from a sentence only if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States, (2) the court was without jurisdiction to impose such sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) is otherwise subject to collateral attack. Movant's claim of non-constitutional sentencing guidelines error does not fall into any of those categories.

Movant's claim that he was erroneously sentenced as a career offender based on a prior conviction that no longer qualifies as a crime of violence certainly is not a claim that the sentence was imposed in violation of the Constitution or the laws of the United States. In Gilbert, *supra*, 640 F.3d at 1321-22, this Court observed that a petitioner's "claim that a sentencing guidelines provision was misapplied to him is not a constitutional claim. If it were, every guidelines error would be a constitutional violation." This Court also rejected the notion that "every error adversely affecting a defendant's sentence violates the Due Process Clause." Id. More recently, in McKay, this Court characterized a claim that the movant was erroneously sentenced as a career offender as a "non-constitutional argument."  657 F.3d at 1194.[1]

---

[1] Because the McKay Court held that the claim was procedurally defaulted and that the actual innocence exception did not apply to excuse the default, it left "for another day the question of whether this type of claim is cognizable under §2255 in the first instance."  McKay, 657 F.3d at 1195.

Because it is not a constitutional claim, Movant's claim of sentencing error would be cognizable only if it could not have been raised on direct appeal and if it resulted in a complete miscarriage of justice.  Lynn, 365 F.3d at 1232-33 (holding that a non-constitutional error is cognizable under 28 U.S.C. §2255 only where it: "(1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice").

Here, Movant has failed to satisfy both prongs of the Lynn test. As stated above, Movant could have raised his claim on direct appeal, but did not do so.  "A ground of error is usually available on direct appeal when its merits can be reviewed without further factual development." Id. at 1233, n.14.  The question is whether the claim was available to the defendant on appeal, not whether the claim would have been successful on its merits. Id. at 1244-45.  Perceived futility is not the same as an inability to raise a claim on direct appeal.  *See generally* Bousley v. United States, 523 U.S. 614, 623 (1998) ("[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time."). This was acknowledged in the Supplemental Report (CrDE:36:12-13).

Moreover, in Coley, *supra*, the Eleventh Circuit explained that a movant's claim in a §2255 proceeding that he was subject to an invalid career offender enhancement based on a prior conviction for carrying a concealed firearm was not cognizable because he did not raise the issue on direct appeal.  336 Fed.Appx. at 935-36.  The Court pointed out that the movant could have raised his claim on direct appeal even though Begay and Archer were decided after he was sentenced, explaining that "if he believed that his career offender status was improper under the guidelines that claim could have been made on direct appeal – just as Begay and Archer later did." Id. at 936.

More recently, in Page, *supra*, the Eleventh Circuit considered a claim that a defendant was

9

erroneously sentenced as a career offender based on a crime that was no longer a crime of violence and concluded that where the defendant failed to raise his claim on direct appeal, even though, at the time of appeal, the predicate act was still a crime of violence under binding Circuit case law, "it is not cognizable on collateral review under § 2255." 2011 WL 3925373, *2.

In this case, even assuming *arguendo* that Movant's sentencing guideline claim could not have been raised on direct appeal, it still would not be cognizable in a §2255 proceeding because he cannot demonstrate that the error in applying the career offender guideline, if condoned, would result in a complete miscarriage of justice. Movant cannot demonstrate a miscarriage of justice because he still would be statutorily eligible to receive the exact same 360-month sentence that he received. This is because, when sentencing a defendant pursuant to an advisory application of the Sentencing Guidelines, the District Court may impose any statutorily permissible sentence that it deems reasonable, regardless of whether the sentence falls within or without the advisory guidelines range.

In this case, Movant's total 360-month sentence was well below the statutory maximum sentence of life pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 851 (*See* CrDE:48; 49; PSI at ¶ 80). Thus, any error in the determination of Movant's advisory sentencing guideline range cannot be a "fundamental defect" rendering the resulting sentence "a complete miscarriage of justice."

The Supplemental Report attempts to align Movant's case with the Seventh Circuit's decision in Narvaez, *supra*. Narvaez, however, involved the application of the Career offender Guideline under a *mandatory* guidelines regime. Narvaez, 2011 WL 6382106,*6 ("The sentencing court's misapplication of the then - *mandatory* § 4B1.1 career offender categorization in Mr. Narvaez' case was the lodestar to its guidelines calculation")(*emphasis in original*). Noting that the district court could impose the same sentence by application of the advisory guidelines, the Seventh Circuit

employed the miscarriage justice standard in Narvaez to overcome the procedural bar because the movant there was sentenced by applying a *mandatory* guidelines sentence thereby depriving the district court of the authority to go below the guidelines if it felt that such was warranted. Even the Seventh Circuit has acknowledged that the availability of a remedy for misapplication of the guidelines is questionable when a movant was sentenced under an *advisory* guidelines regime. *See* United States v. Wyatt, ___ F.3d ___, 2012 WL 695634, *4 (7th Cir. Mar. 6, 2012)

> (...if Wyatt had raised this challenge as a stand-alone issue (instead of as a challenge to the effectiveness of his counsel) in his first section 2255 motion in this court, we *might* have granted relief. **We say "*might*" because Narvaez was sentenced under a *mandatory* guidelines scheme and Wyatt was sentenced at a time when the district court was aware the guidelines would be considered *advisory*...**).

(*emphasis added*).

Conversely, in Sun Bear v. United States, 644 F.3d 700, 705 (8th Cir. 2011), the Eighth Circuit held that a non-constitutional error involving the misapplication of the career offender guideline was not cognizable under § 2255, because (1) the sentence was below the statutory maximum sentence and (2) it could be validly reimposed under the *advisory* Sentencing Guidelines). The United States respectfully submits that Sun Bear is the better persuasive authority to rely upon to resolve the discrepancy between the Seventh and Eighth Circuits because it is factually more comparable to Movant's case; that is, they both analyze the issue under the advisory guidelines. Sun Bear is also more in line and consistent with the Eleventh Circuit decisions (e.g., McKay and Gilbert) discussed herein, such cases were acknowledged to be applicable by the Supplemental Report.

Accordingly, the District Court should deny Movant's claim of sentencing error under U.S.S.G. § 4B1.1(a) as procedurally defaulted, and also because it is not cognizable under §2255.

Given that <u>Narvaez</u> involved the application of the Career offender guideline under a mandatory guideline setting, the United States would respectfully submit that it is distinguishable from <u>Sun Bear</u> and this case and, therefore, does not warrant the granting of resentencing.

**WHEREFORE**, the United States of America respectfully objects to the Supplemental Report of the Magistrate Judge in that it recommends that Movant's sentence be vacated and that he be resentenced under a miscarriage of justice theory. As to the recommendation that the other claims be denied, the United States has no other objections to the Supplemental Report.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:   S/ *Jennifer C. Millien*
Jennifer C. Millien (FL Bar No. 171700)
Email:  jennifer.millien@usdoj.gov
Assistant United States Attorney
500 S. Australian Avenue
Suite 400
West Palm Beach, Florida 33401
TEL: (561) 820-8711
FAX: (561) 805-9846

## CERTIFICATE OF SERVICE

      I hereby certify that on March 29, 2012, I filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner.

      S/ *Jennifer C. Millien*
      Jennifer C. Millien (FL Bar No. 0171700)
      Assistant United States Attorney

## SERVICE LIST

**UNITED STATES OF AMERICA vs. JOHNNY OLBEL**
CASE NO. 09-60890-CIV-ZLOCH / WHITE
(06-60344-CR-ZLOCH)
United States District Court, Southern District of Florida

**Jennifer C. Millien**
Assistant U.S. Attorney
jennifer.millien@usdoj.gov
7795 SW 6th Street, 2nd Floor
Plantation, FL 33324
TEL: (954) 888-1674
FAX: (954) 577-9425
Attorney for the Government
Method of Service: CM/ECF

**Mr. Johnny Olbel,** *pro se*
Reg. No. 77257-004
Coleman II - USP
United States Penitentiary
Inmate Mail/Parcels
P.O. Box 1034
Coleman, Florida 33521
Method of Service: Regular U.S. Mail