UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60890-CIV-ZLOCH
(CASE NO. 06-60344-CR-ZLOCH)

JOHNNY OLBEL,

    Movant,

vs.                                       **O R D E R**

UNITED STATES OF AMERICA,

    Respondent.
_____/

    THIS MATTER is before the Court upon the Supplemental Report Of Magistrate Judge Upon Re-Referral Of Case (DE 36) filed herein by United States Magistrate Judge Patrick A. White and Movant Johnny Olbel's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (DE 1).  The Court has carefully reviewed said Report, said Motion, the entire court file and is otherwise fully advised in the premises.

    I. Background

    On November 15, 2010, Magistrate Judge White issued a Report (DE 18) recommending that Movant Olbel's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (DE 1) be denied in part and granted in part, and that Movant Olbel's sentence as a career offender be vacated and a new sentencing hearing be held.  The Court subsequently re-referred the case to Magistrate Judge White, because the Government did not have an opportunity to object to the claims made by Movant Olbel in his Amendment (DE 15)——claims which were considered by Magistrate

Judge White in rendering his Report (DE 18). The re-referral allowed the Government to respond to the three additional claims raised in Movant's Amendment (DE 15) and directed Magistrate Judge White to rule on all pre-trial, non-dispositive matters, and issue a Report and Recommendation on any dispositive matters. The Court now considers Magistrate Judge White's Supplemental Report (DE 36).

By his Supplemental Report (DE 36), Magistrate Judge White recommends that Movant's Motion for an indefinite stay of his § 2255 Motion, incorporated in his Supplement To Motion For Second Extension Of Time To Reply To Government Response (DE 35) be denied; that Movant's Motion To Vacate (DE 1) be granted in part, "solely on Ground 3 of the Amendment Cv:DE 15, to the extent that Movant's sentence as a Career Offender be vacated, and a new sentencing hearing be held;" and that the Motion To Vacate (DE 1) be denied in all other respects.

The Court approves, adopts, and ratifies Magistrate Judge White's Supplemental Report (DE 36) to the extent that it recommends denying Movant's Motion for an indefinite stay and denying Movant's Motion To Vacate (DE 1) on seven particular grounds raised by Movant's initial Motion (DE 1) and Amendments (DE Nos. 15 & 21). However, for the reasons stated below, the Court declines to adopt Judge White's recommendation that Movant's Motion To Vacate (DE 1) be granted to the extent that Movant's sentence as a career offender be vacated.

2

Movant's claim regarding his status as a career offender arises out of his first Motion To Amend (DE 15).  By this claim, Movant alleges, "in light of the recent decision of Johnson v. United States 130 S. Ct. 1265 (2010) he is actually innocent of the career offender [provision] under 4B1.1."  DE 15, p. 4.

In Johnson, the Supreme Court held that "the Florida felony offense of battery by 'actually and intentionally touching' another person" was not categorically a "violent felony" under the Armed Career Criminal Act.  130 S. Ct. at 1268 (internal citation omitted); see 18 U.S.C. § 924(e)(2)(B)(i) (defining "violent felony" as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another").  Thereafter, the Eleventh Circuit in United States v. Williams, held that in light of Johnson, "the fact of a conviction for felony battery on a law enforcement officer in Florida, standing alone, no longer satisfies the 'crime of violence' enhancement criteria as defined under the 'physical force' subdivision of section 4B1.2(a)(1) of the sentencing guidelines." 609 F.3d 1168, 1169-70 (11th Cir. 2010).  The Eleventh Circuit further explained that "[t]his court has repeatedly read the definition of a 'violent felony' under § 924(e) of the Armed Career Criminal Act as virtually identical to the definition of a 'crime of violence' under U.S.S.G. § 4B1.2."  Id. at 1170 (internal citation and quotation marks omitted).  The Court distinguished

between two types of battery: "actually and intentionally touch[ing] or strik[ing] another person against the will of the other" in contrast to "intentionally caus[ing] bodily harm to an individual." Id. (citing Fla. Stat. § 784.03(1)). While the second type of battery could still constitute a "crime of violence," for purposes of a sentencing enhancement under § 4B1.1(a), the sentencing court may only consider evidence of a judicial nature, so-called "Shepard Evidence," in determining the type of battery the defendant committed. Id.; Shepard v. United States, 544 U.S. 13, 26 (2005) (holding that fact-finding regarding prior convictions is "limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information."). Thus, the Eleventh Circuit in Williams remanded the case to the district court for determination of whether the defendant's conviction for battery on a law enforcement officer was indeed a "crime of violence" for sentencing enhancement purposes.

Movant Olbel now claims that because of this intervening change in the law under Johnson and Williams, he was incorrectly sentenced as a career offender based on his prior conviction for battery on a law enforcement officer. Magistrate Judge White advises that an examination of the sentencing transcript does not

reveal that documents of a judicial nature, i.e., Shepard evidence, were used by this Court in finding that the battery at issue was not a simple battery, thus qualifying as a "crime of violence" under the Sentencing Guidelines.  In fact, the information in the Pre-Sentence Investigation Report was derived from a Police Report, which is not the type of evidence required under Shepard. Therefore, Magistrate Judge White advises that if Movant were re-sentenced in the absence of Shepard evidence demonstrating that Movant's battery conviction qualified as a predicate offense, he would not be eligible for the career offender sentencing enhancement, and the sentencing guideline would thereby be greatly reduced.

## II. Procedural Default

However, Movant's claim cannot necessarily be made in a § 2255 Motion where it was not raised in a direct appeal.  The Eleventh Circuit has explained, "[u]nder the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004).  The Supreme Court has explained that the procedural default rule is "neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the

finality of judgments." Massaro v. United States, 538 U.S. 500, 504 (2003). Yet, "procedural default can be excused . . . if one of the two exceptions to the procedural default rule applies." McKay v. United States of America, 657 F.3d 1190, 1196 (11th Cir. 2011). The two exceptions are: "(1) for cause and prejudice, or (2) for a miscarriage of justice, or actual innocence." Id. (citing Lynn, 365 F.3d at 1234). This second exception to the procedural default rule has been described by courts as both the "actual innocence" exception and the "miscarriage of justice" exception. See Sawyer v. Whitley, 505 U.S. 333, 339 (1992) ("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence."); McKay, 657 F.3d at 1198 ("Indeed, the very reason the miscarriage of justice exception was linked to a movant's actual innocence was to ensure that this exception would remain rare and would only be applied in the extraordinary case.") (internal citation and quotation marks omitted); Lynn, 365 F.3d at 1234 ("Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'") (internal citations omitted).

    The Eleventh Circuit considered the idea of procedural default in the context of a § 2255 motion in Page v. United States, 440 Fed. App'x 767, 768 (11th Cir. 2011). In Page, the defendant

claimed in his § 2255 motion that his sentence as a career offender under § 4B1.2(a) could not stand in light of Johnson and Williams because his prior Florida conviction for battery on a law enforcement officer no longer constituted a crime of violence. Id. However, Page did not raise this issue on direct appeal and in fact filed no appeal. Id. at 769. The Eleventh Circuit found that it was of no consequence that the holdings in Johnson and Williams that would have benefitted Page came after he was sentenced. Id. The court explained, "[i]n procedural default cases, the question is not whether legal developments or new evidence ha[ve] made a claim easier or better, but whether at the time of the direct appeal the claim was available at all." Id. (internal citation omitted). Further, "unawareness of the objection will not constitute cause to excuse a procedural default." Id. (citing Jones v. United States, 153 F.3d 1305, 1307-08 (11th Cir. 1998)). Thus, the court concluded that Page was procedurally barred from raising the sentencing issue in his § 2255 motion and affirmed the district court's denial of his motion.

The Eleventh Circuit has also recently held that it "decline[s] to extend the actual innocence of sentence exception to claims of legal innocence of a predicate offense justifying an enhanced sentence." McKay, 657 F.3d at 1199; Orso v. United States, 452 Fed. App'x 912, 915 (11th Cir. 2012) (holding that "[t]he actual innocence exception has no application to Orso's

7

sentencing claim that he was wrongly sentenced as a career offender."). In McKay, the defendant argued that he had been erroneously sentenced as a career offender under § 4B1.1 because after he was sentenced, the Eleventh Circuit held in United States v. Archer, 531 F.3d 1347 (11th Cir. 2008) that carrying a concealed weapon—the predicate offense upon which he was sentenced as a career offender—could no longer be classified as a "crime of violence" under the Sentencing Guidelines.  However, McKay failed to raise this argument on direct appeal, and in fact did not file any appeal from his conviction or sentence. McKay, 657 F.3d at 1193. While McKay recognized his procedural default, he asked that the court excuse his default on the ground that he was "actually innocent" of the career offender sentence. Id. at 1194. In examining the defendant's argument of actual innocence, the Eleventh Circuit explained that the actual innocence exception has been accepted in only two circumstances. Id. at 1196. First, a defendant endeavoring to establish he is actually innocent of a conviction "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995). Second, to show actual innocence in the context of a capital sentence, the movant must show "by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty under the applicable

state law." Sawyer, 505 U.S. at 336.

In concluding that McKay could not benefit from the actual innocence exception to the procedural default rule, the Eleventh Circuit made four general observations. McKay, 657 F.3d at 1197-1198. It explained, "[f]irst, and most importantly, for purposes of the actual innocence exception, 'actual innocence' means factual innocence, not mere legal insufficiency." Id. at 1197 (emphasis in original) (internal citations omitted). McKay's claim, on the other hand, was a purely legal argument because he did not claim that he was factually innocent of the predicate offense of carrying a concealed weapon. Id. at 1199. Second, the court reiterated the Supreme Court's emphasis that the actual innocence exception is a narrow one that was intended to "remain rare and [] only be applied in the extraordinary case." Id. at 1198 (internal citations and quotation marks omitted). Third, the court noted that the Supreme Court has "specifically instructed" that the courts "exercise restraint when determining whether to expand the exceptions to the procedural default rule," lest the courts suffer the "unhappy effect of prolonging the pendency of federal habeas applications as each new exception is tested in the courts of appeals." Id. Finally, the court made the related observation that it has not decided whether the actual innocence exception even extends to noncapital cases. Id. at 1999. Citing its recent holding in Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011), the court

9

reiterated that "the better view is that the [actual innocence exception] does not apply to non-capital sentencing errors." Id. at 1999 n.14.

The Court finds that Movant Olbel is barred by the procedural default rule from raising the claim as to his career offender status in the instant § 2255 Motion.  First, it is clear that Movant did not raise the argument that he was erroneously sentenced as a career offender on his direct appeal.  See United States v. Olbel, 275 Fed. App'x 910 (11th Cir. 2008).  In his Appeal, Olbel made claims regarding the Court's denial of his motion to suppress, the Government's alleged failure to disclose exculpatory evidence to him in violation of Brady v. Maryland, 373 U.S. 83 (1963), and the alleged disparity in sentencing between convictions for possession of powder cocaine and crack cocaine.  Brief of Appellant, 2007 WL 4451964.  The Eleventh Circuit affirmed Olbel's conviction and sentence, reaching only Olbel's claims regarding the motion to suppress and the alleged Brady violation.  275 Fed. App'x at 911.  Thus, it is beyond dispute that Movant Olbel made no claim regarding his career offender status on direct appeal.

Further, it is of no consequence that the cases Movant Olbel now relies on, Johnson and Williams, came after he was sentenced and filed his direct appeal.  Page, 440 Fed. App'x at 768.  The question is not whether Movant Olbel was aware of the argument he now raises—that he was erroneously sentenced as a career

offender—but whether he could have made that argument on direct appeal. Perceived futility of an argument is no defense to Defendant's failure to make the claim on direct appeal. Id. at 769.

Finally, the Court notes that Movant Olbel cannot benefit from the actual innocence exception to the procedural default rule. As the Eleventh Circuit recently held, the actual innocence exception does not extend to a claim that a defendant was erroneously sentenced as a career offender. McKay, 657 F.3d at 1119-1200. Just as in McKay, Olbel claims he is legally innocent of being a career offender; he does not claim he is factually innocent of the crime of battery on a law enforcement officer. As the court in McKay explained, "No circuit court has held that the actual innocence exception is available for claims of purely legal innocence like McKay's, and we refuse to do so as well." Id. at 1199. Therefore, Movant Olbel's claim that he was erroneously sentenced as a career offender is procedurally defaulted and not available for consideration by this Court on Movant Olbel's § 2255 Motion.

### III. Cognizability

In his Supplemental Report (DE 36), Magistrate Judge white recognizes that "a claim that Olbel is 'actually innocent' of his career offender sentencing enhancement will not stand." DE 36, p. 12. Yet, Magistrate Judge White states that the "[t]he question,

11

then, is whether in Movant Olbel's case . . . the circumstances are such that his procedural default [not raising his claim on direct appeal] should be excused based on a finding of miscarriage of justice, and if so whether the Court should revisit Olbel's case and grant him a hearing for re-sentencing." Id. Magistrate Judge White then recommends that the Court follow Seventh Circuit precedent in finding that Movant Olbel's claim is cognizable in an initial § 2255 Motion and on that basis, grant Movant Olbel a re-sentencing. See Narvaez v. United States, 2011 WL 6382106, at *5-6 (7th Cir. Dec. 6, 2011) (holding that a change in the law rendering unlawful a defendant's career offender status under the then-mandatory Sentencing Guidelines resulted in a miscarriage of justice that warranted re-sentencing the defendant); but see Sun Bear v. United States, 644 F.3d 700 (8th Cir. 2011) (holding that a defendant's collateral attack on his sentence was not cognizable in an initial § 2255 motion because his below the statutory maximum sentence could have been reapplied under the advisory Sentencing Guidelines, and thus, there was no miscarriage of justice).

The Court cannot adopt Magistrate Judge White's recommendation for two reasons. First, the question of cognizability—that is, whether a defendant's claim that he was incorrectly sentenced as a career offender because of a later change in the law can even be raised in an initial § 2255 motion—is one which the Eleventh Circuit has delineated as separate and distinct from the threshold

12

question of procedural default.  The Eleventh Circuit has never reached the question of cognizability when a defendant procedurally defaulted, and therefore, this Court will not depart from that practice.  See McKay, 657 F.3d at 1195 (stating that "[b]ecause we hold that McKay's sentencing claim is procedurally defaulted and that the actual innocence exception does not apply to excuse his default, we leave for another day the question of whether this type of claim is cognizable under § 2255 in the first instance"); see also Burke v. United States, 152 F.3d 1329, 1332, 1332 n.1 (11th Cir. 1998) (affirming the movant's sentence on cognizability grounds and "not reach[ing] the issue of whether Burke made the requisite showing of cause and prejudice to excuse his procedural default"; explaining that "[w]e have in the past opted to address the issues of procedural default, cause, and prejudice rather than determine whether a sentencing guidelines claim would be cognizable at all on collateral review.").

Second, Narvaez and Sun Bear do not apply here, as neither case considered cognizability in the context of a defendant's procedural default.  These cases dealt solely with the question of whether the defendants' claims were cognizable on an initial § 2255 motion.  In Sun Bear, the Eighth Circuit noted that procedural default was not at issue because the defendant properly raised his claim on direct appeal.  644 F.3d at 702 n.3.  The Eighth Circuit explained, "[h]ad Sun Bear not raised this issue on direct appeal,

13

this obstacle would have required him to avoid that procedural default using the cause and prejudice standard analysis . . ." Id. Further, in Narvaez, the Seventh Circuit made no finding as to procedural default and did not discuss whether the defendant properly preserved his argument on direct appeal. 2011 WL 6382106, at *1. The Seventh Circuit noted that the concept of "'miscarriage of justice' comes from the Supreme Court's holding that a non-jurisdictional, non-constitutional error of law is not a basis for collateral attack under § 2255 unless the error is a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at *1 n.2 (citing Hill v. United States, 368 U.S. 424, 428 (1962)).

The question of cognizability, in contrast to the issue of procedural default, arises from the text of 28 U.S.C. § 2255, which provides four grounds upon which a prisoner may bring a collateral attack under the statute: if "the sentence was imposed in violation of the Constitution or law of the United States, or [] the court was without jurisdiction to impose such sentence, or [] the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Further, in the Eleventh Circuit, a movant's claim that he was erroneously sentenced as a career offender is a "non-constitutional" argument. McKay, 657 F.3d at 1194. Therefore, "a non-constitutional error that may justify a reversal on direct appeal does not generally support a

14

collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." Lynn, 365 F.3d at 1232-33 (internal citations omitted).  If this Court did have properly before it the question of whether Movant Olbel's claim was cognizable on an initial § 2255 motion, it could consider the "miscarriage of justice" concept as described by Lynn, Sun Bear, and Narvaez.  But that is not the case here.

Because Movant Olbel procedurally defaulted by not raising his claim on direct appeal and he cannot benefit from the "actual innocence" exception to the procedural default rule, the Court must deny his claim solely on the basis of his procedural default.  The Court, in keeping with the Eleventh Circuit's very recent holdings in Page and McKay does not reach the issue of whether a claim such as Olbel's is cognizable in a § 2255 Motion in the first instance. See McKay, 657 F.3d at 1195.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the Court will approve, adopt and ratify in part and decline to approve, adopt and ratify in part the Supplemental Report Of Magistrate Judge Upon Re-Referral Of Case (DE 36) filed herein by United States Magistrate Judge Patrick A. White as follows:

1. To the extent the Supplemental Report (DE 36) recommends granting Movant's Motion (DE 1) on Ground 3 of his Amendment (DE

15) that his sentence as a career offender be vacated, and a new sentencing hearing be held, the Court **DECLINES** to adopt, approve and ratify the same;

2. In all other respects the instant Supplemental Report (DE 36) be and the same is hereby approved, adopted and ratified by the Court;

3. Movant Johnny Olbel's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (DE 1) be and the same is hereby **DENIED**; and

4. Final Judgment will be entered by separate Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___6th___ day of June, 2012.

                                                 WILLIAM J. ZLOCH
                                                 United States District Judge

Copies furnished:

The Honorable Patrick A. White
United States Magistrate Judge

All Counsel of Record

Johnny Olbel, PRO SE
77257-004
Coleman II-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 1034
Coleman, FL 33521